[Civ. No. 13078. Third Dist. May 2, 1972.]

CLOVIS READY MIX COMPANY,
Plaintiff, Cross-defendant and Appellant, v.
AETNA FREIGHT LINES,
Defendant, Cross-complainant and Respondent.

## COUNSEL

Robert T. Moulton and Byron C. Finley for Plaintiff, Cross-defendant and Appellant.

Raymond, Noriega & Clifford and Thomas M. Stanton for Defendant, Cross-complainant and Respondent.

## OPINION

**WHITE, J.**\*—Plaintiff Clovis Ready Mix Company appeals after order of the court dismissing its complaint and order of the court granting defendant Aetna's motion for partial summary judgment on the cross-complaint as to the question of liability.

\*Assigned by the Chairman of the Judicial Council.

The questions raised on this appeal are stated by Aetna to be as follows: (1) Did the trial court err in ruling that Clovis' complaint is barred by the terms of Code of Civil Procedure section 439[1]; and (2) did the court err in granting partial summary judgment on the liability issue of Aetna's cross-complaint against Clovis.

## FACTS

The complaint filed in this action recites that a Peterbilt two-axle tractor and double trailers belonging to plaintiff Clovis collided with a two-axle tractor and double trailers belonging to defendant Aetna on or about January 26, 1966. Clovis further alleged that the defendants "so negligently entrusted, manager [sic], maintained, drove and operated their said motor vehicle" that the accident occurred. The complaint concluded asking damages in the sum of $7,761.99 for reasonable cost of repairs, tow charges and deprivation of use.

Aetna filed its answer raising an affirmative defense to the effect that a prior lawsuit involving the same parties and accident had been previously filed in the Superior Court of Fresno County. That lawsuit had been dismissed and a dismissal with prejudice as to all defendants had been filed. The answer further alleged that Clovis had to assert in the earlier lawsuit any claims it might have against Aetna under the terms of Code of Civil Procedure section 439.

Aetna filed a cross-complaint for damages to its vehicle, and then Aetna filed a motion to dismiss Clovis' complaint and for partial summary judgment on its cross-complaint. The motion to dismiss was based on the ground that Clovis' complaint was barred pursuant to Code of Civil Procedure section 439; the motion for summary judgment was made on the ground that the negligence of Clovis Ready Mix and its employee and the lack of negligence (contributory negligence) on the part of Aetna's employee, Douglas Wood (and therefore Aetna), has been established conclusively by virtue of collateral estoppel. The motions were made on the basis of the declarations submitted with the records and documents in Fresno Superior Court action No. 132202.

The declaration of Richard C. Mallery recited that he had been retained by Douglas Wood to prosecute his claim for personal injuries against Clovis Ready Mix and its driver, Bobby Obenosky, arising out of the truck

---

[1]Code of Civil Procedure section 439 reads as follows: "If the defendant omits to set up a counterclaim upon a cause arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, neither he nor his assignee can afterwards maintain an action against the plaintiff therefor."

collision on January 26, 1966; Obenosky and Clovis appeared in this action and filed an answer to the complaint; no counterclaim and no cross-complaint were filed by either Obenosky or Clovis; shortly after instigation of the lawsuit, it was settled by payment to Wood and his wife of the sum of $17,800 by Clovis and Obenosky. Thereafter, Mallery caused to be filed in the Fresno County personal injury action a request for entry of dismissal with prejudice as to all named defendants. The entry of dismissal with prejudice was duly made.

The "Release of All Claims" executed by Wood and his wife contained a clause reciting: "It is understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, and that said releasees deny liability therefor and intend merely to avoid litigation and buy their peace."

Douglas Wood, driver of Aetna's vehicle, filed a declaration to the effect he was an employee of Aetna; he was hauling a load of freight for Aetna in Kern County on January 26, 1966; he collided with a truck owned by Clovis and driven by Bobby Obenosky; he sustained injuries; a personal injury action on his behalf against Clovis and Obenosky was filed and thereafter settled for the sum of $17,800.

Preliminarily, counsel for the respective parties have now come to the realization that this appeal is premature. This realization conforms to the court's conclusion that Clovis' appeal is in part from the order of the court granting Aetna's partial summary judgment on the issue of liability. Code of Civil Procedure section 437c provides specifically that: "If it appear that such defense applies only to a part of the plaintiff's claim, or that a good cause of action does not exist as to a part of the plaintiff's claim, or that any part of a claim is admitted or any part of a defense is conceded, the court shall, by order, so declare, and the claim or defense shall be deemed established as to so much thereof as is by such order declared and the cause of action may be severed accordingly, and the action may proceed as to the issues remaining between the parties. No judgment shall be entered prior to the termination of such action . . . ." It therefore appears that the propriety of the trial court's action granting the partial summary judgment on the cross-complaint may only be considered on an appeal from the final judgment which has yet to be rendered in this case. ■ "Where trial is bifurcated and only the issue of damages remains to be tried, appeal from the first part of judgment is premature." (*Swaffield* v. *Universal Ecsco Corp.* (1969) 271 Cal.App.2d 147, 174 [76 Cal.Rptr. 680]; see also *Louie Queriolo Trucking, Inc.* v. *Superior Court* (1967) 252 Cal.App.2d 194, 199 [60 Cal.Rptr. 389].)

Secondly, Clovis' appeal from the order of the trial court directing dismissal of its complaint is also premature. ■ "[A]n appeal will be dismissed where a purported final judgment is rendered on a complaint without adjudicating the issues raised by a cross-complaint." (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 46, p. 4060.) The authorities clearly hold that an action in which cross-complaint or counterclaim is also filed is not one wherein a multiplicity of final judgments may result. (*Sjoberg* v. *Hastorf* (1948) 33 Cal.2d 116, 118 [199 P.2d 668]; *Nicholson* v. *Henderson* (1944) 25 Cal.2d 375, 381 [153 P.2d 945]; *Bodine* v. *Superior Court* (1962) 209 Cal.App.2d 354, 361-362 [26 Cal.Rptr. 260]; *Verdier* v. *Verdier* (1962) 203 Cal.App.2d 724 [22 Cal.Rptr. 93]; *Smith* v. *Smith* (1962) 209 Cal.App.2d 343, 344 [25 Cal.Rptr. 837].)

Therefore, it is concluded that Clovis' purported appeals from the order of the trial court that its complaint be dismissed and from the order of the trial court granting partial summary judgment to Aetna should be dismissed, unless such a disposition is unwarranted under all of the circumstances.

Counsel for the respective parties, at oral argument, have noted that this accident happened in 1966 and that the appeal has been pending since February 1970. They, furthermore, explain that their respective briefs have discussed fully the merit of their respective contentions, and that they would prefer to waive any jurisdictional defects here (see *Lopes* v. *Capital Co.* (1961) 192 Cal.App.2d 759 [13 Cal.Rptr. 787]) and have us dispose of the appeal on the merits to avoid further delay upon the filing of our remittitur, further trial and another appeal on the same grounds as are before us now.

Upon being informed by the court that the jurisdictional defect could not be waived, counsel for the respective parties stipulated at oral argument that we "treat the appeal, the record and the briefs as a petition for a writ." We are mindful of our limitations insofar as advisory decisions are concerned, but we are also impressed with our duty to see that justice is administered in a practical fashion with the least possible delay. Insofar as this case is concerned, we are not able to take the same measures as in *Shepardson* v. *McLellan* (1963) 59 Cal.2d 83 [27 Cal.Rptr. 884, 378 P.2d 108], and the cases therein cited (p. 89), but we are aided by the philosophy expressed there, that is, to avoid any procedural obstacles that would have been " 'unnecessarily dilatory and circuitous. . . .' " (*Id.* at p. 88.) We are justified in disposing of the procedural problems in a businesslike fashion in the interests of justice and to prevent unnecessary delay.

We are aided also by the recent (May 10, 1971) opinion of Justice Mosk in *Vasquez* v. *Superior Court,* 4 Cal.3d 800 [94 Cal.Rptr. 796, 484 P.2d 964], in that there petitioners, plaintiffs in the trial court, sought a writ of mandate to require the trial court to vacate its order sustaining the demurrers to their first cause of action and to order the court to allow them to proceed to try the first cause of action for fraud as a class action. The Supreme Court held that the petitioners there did not have an adequate remedy by appeal because such a course would violate the rule that an appeal may be taken only from a final judgment (Code Civ. Proc., § 904.1) and proceeded to entertain and grant the petition for mandate. ▆ Here, the same cause precludes our considering the appeal on the merits, but for the same reason we accept the stipuation of counsel, treat the record as being a petition for a writ of mandate and dispose of the matter in what we deem to be a practical manner and in the interests of justice. In so doing, it should be noted that if we did not let our views be known, and if we were not to act other than to dismiss the appeal as premature, further delay and ultimate reversal of the interlocutory orders would be inevitable.

▆ We hold that the trial court erred in each ruling. The cause of action asserted by Clovis against Aetna was not barred by the terms of section 439 of the Code of Civil Procedure, and the doctrine of collateral estoppel did not justify the court's conclusion that the dismissal of the Wood action was res judicata on the issue of liability.

At the outset we note that an independent act of negligence is alleged by plaintiff against defendant, and that there is a factual dispute in the record as to Wood's status as an employee of Aetna. These facts support the conclusion that the defendant's motion for summary judgment was not well taken. (*Louie Queriolo Trucking, Inc.* v. *Superior Court, supra,* 252 Cal.App.2d 194; *Perego* v. *Seltzer* (1968) 260 Cal.App.2d 825 [67 Cal.Rptr. 636].)

Respondent's reliance on *Louie Queriolo Trucking, Inc.* v. *Superior Court, supra,* 252 Cal.App.2d 194, and *Rothtrock* v. *Ohio Farmers Ins. Co.* (1965) 233 Cal.App.2d 616 [43 Cal.Rptr. 716], is not well taken. In *Queriolo,* after a bifurcated trial on the issue of liability in the employee's action, in which liability of defendant was found to exist, defendant paid off and a dismissal with prejudice was filed. In the employer's independent action the doctrine of collateral estoppel was recognized as applicable, the court stating: "Thus, if 'A' is the driver of a motor vehicle, who, in the course of his employment by 'B,' collides with an automobile of 'C' and brings an action for his damages, in which 'C' alleges contributory negligence, *a judgment* in the case in favor of 'A' may be used in an action brought thereafter by 'B' against 'C,' if properly pleaded, to conclude

those issues; in such circumstances, the liability, if any, of 'A' is primary, and the liability of 'B' is secondary, and it is not necessary to try twice the basic elements relating to negligence." (Italics added.) (252 Cal.App.2d at p. 198.)

The court there noted that a purported judgment had been entered on the issue of liability, but that said judgment was a nullity. It then noted that: " 'Before the doctrine of res judicata can apply or be invoked, there must be a subsisting judgment or final order' " (*id.* at p. 200), and held that this requirement was satisfied by the judgment of dismissal, with prejudice, on payment of a consideration, operating as a retraxit.

*Rothtrock* v. *Ohio Farmers Ins. Co., supra,* 233 Cal.App.2d 616, also cited in *Queriolo Trucking, supra,* NOT authority for the proposition that a retraxit is a bar to an employer's alleged cause of action against one with whom the employee has settled. There, the retraxit (dismissal with prejudice) was for the same party (in the municipal court) where a claim for property damages was satisfied by a defendant's insurer, as a bar to the insured's superior court action for personal injuries. Identity of parties was stressed there.

*Ghiringhelli* v. *Riboni* (1950) 95 Cal.App.2d 503 [213 P.2d 17], was cited in *Queriolo* as authority for the holding there barring relitigation of the issue of the employer's negligence. Such ruling was not the holding in *Ghiringhelli,* for the issue of collateral estoppel arose there in a subsequent action *between the same parties.*

Counsel for Aetna place reliance upon *Datta* v. *Staab* (1959) 173 Cal.App.2d 613 [343 P.2d 977], which contains some expressions tending to support Aetna's contentions here. Upon study of the facts there, compared with those here, we conclude that our case is distinguishable in that there the dismissal was expressly provided to "operate as a retraxit," while here not only was the expression of a retraxit not made, but to the contrary, a disclaimer of plaintiff's liability was acknowledged.

In essence, the question here is: Can the settlement effected between Clovis and Wood, on the one hand, with Clovis' liability to Wood expressly disclaimed, in an action to which Wood's employer was not a party, adjudicate, first, that insofar as Wood's employer is concerned the releasee (Clovis) was responsible for the accident; second, that even though independent negligence of the employer is alleged, Clovis may not avail itself of the defense of contributory negligence in resisting the cross-complaint; and finally, is the only thing left for determination the issue of the employer's damages?

If *Datta* v. *Staab* tends to so hold, we conclude that its holding must be deemed to be no longer the law in the face of the ruling in *Sylvester* v. *Soulsburg* (1967) 252 Cal.App.2d 185 [60 Cal.Rptr. 218], in that here there has been no adjudication on the merits and there is no privity of interest.

*Sylvester* v. *Soulsburg, supra,* cited by appellant, is authority for the rule that before there may be collateral estoppel there must be, inter alia, identity of parties. In effect, by the settlement between plaintiff and Wood, the only parties precluded from asserting any claims arising out of the transaction (the accident) were those persons and parties litigant in the action " 'or in privity with a party to the prior adjudication?' " (252 Cal. App.2d at p. 188, citing *Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 813 [122 P.2d 892].)

■ Privity of one with another contemplates one deriving a right from or enjoying a benefit with another, a mutual or successive relationship to the same rights of property. (See Black's Law Dict. (4th ed. 1951).) Here, Wood's rights were entirely independent of those of his employer, and vice versa. Neither had any right or power to affect the rights of the other.

Moreover, another element of the rule of the *Bernhard* case, *supra,* for the applicability of the doctrine of res judicata "(applicable equally to a plea of collateral estoppel as held in *Saunders* v. *New Capital for Small Businesses, Inc.* [1964] 231 Cal.App.2d 324, 331-332 [41 Cal.Rptr. 703])" is that there must be a final judgment on the merits. (*Sylvester* v. *Soulsburg, supra,* 252 Cal.App.2d 185, 188.) Here, there was no judgment on the merits, and the very document pursuant to which the dismissal was executed and filed recited that the merit of the Wood's claim was still in dispute.

■ Public policy as it applies to the administration of justice encourages the settlement of disputes without litigation, or by settlement of litigation prior to trial. To construe the facts here to have an effect of determining rights not within the contemplation of the parties to the settlement not only is inconsistent with the law but is contrary to such policy.

■ What we have observed is pointed up in 4 Witkin, California Procedure (2d ed. 1971) Judgment, section 209, page 3348, where it is stated: "If the parties expressly exclude a particular issue from consideration, or the court expressly refrains from determining it, no collateral estoppel results. [Citations.]"

The precise situation here is comparable to the problem presented in *Taylor* v. *Hawkinson* (1957) 47 Cal.2d 893 [306 P.2d 797], where the plaintiff, her husband, and a friend driver sued defendant for injuries received in a collision with defendant's car. Grossly inadequate verdicts were returned, but plaintiff alone moved for and was granted a new trial. On retrial, plaintiff contended that when the judgment in favor of her husband and friend became final, it conclusively determined the issue of defendant's negligence. The trial judge rejected the contention, and verdict and judgment followed for defendant. On appeal it was held that the record supported the trial judge's implied finding that the jury in the first trial gave compromise verdicts and did not determine the issue of liability, and that this being so defendant "did not have his day in court during the first trial on the issue of liability, and plaintiff can now justify making that judgment binding upon him in her action only on the ground that he had an opportunity to attack it. Had he done so, more rather than less litigation would have ensued, and plaintiff would have gained nothing." (47 Cal.2d at p. 897.) Accordingly, the defendant was permitted to litigate all issues. ■ It might well be observed that if a compromise verdict and judgment may not bar a trial on the merits, even more properly a compromise settlement without trial, where liability is disclaimed, should not preclude a trial on the merits, where a different party is involved.

Counsel, in their briefs and in oral argument, have pointed out:

(a) That Wood was inadvertently named a defendant in plaintiff's amended complaint, but he was not served. Defendant Wood moved to dismiss. Counsel agree he should be dismissed as such party defendant; and

(b) Wood was named as a cross-complainant with Aetna in its title to the cross-complaint, but no relief is sought for him. Counsel agree he should be dismissed as a cross-complainant.

Accordingly, it is our conclusion that:

1. Wood should be dismissed as a party defendant and cross-complainant, and a final judgment as to him in this action is proper, he having no further interest in asserting a claim or defending against plaintiff's claim.

2. The purported orders or judgments appealed from should be and they are hereby ordered vacated and set aside.

3. The trial court should be and is hereby ordered to deny the motions of defendant and cross-complainant Aetna for dismissal of plaintiff's complaint and partial summary judgment on the cross-complaint on the issue of liability of Clovis.

4. The trial court should proceed to try the issues of liability and damages.

5. Each side should bear its own costs of appeal.

Friedman, Acting P. J., and Regan, J., concurred.