[No. B004418. Second Dist., Div. Five. Nov. 13, 1985.]

SHUKRY MESSIH, Plaintiff and Appellant, v.
LEE DRUG, INC., et al., Defendants and Respondents.

COUNSEL

Shukry Messih, in pro. per., for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

OPINION

FEINERMAN, P. J.—Plaintiff, Shukry Messih, hired Attorney Eli M. Kantor on November 11, 1982, to file a wrongful discharge action against plaintiff's former employer Lee Drug, Inc. Kantor filed the action, which is now pending in superior court. On September 29, 1983, Kantor noticed a motion for permission to withdraw as attorney of record. The motion was supported by an affidavit in which Kantor averred that he began having difficulty with plaintiff during discovery when plaintiff repeatedly refused to answer such routine interrogatories as requests for his social security number and driver's license. After Kantor threatened to withdraw from the case, plaintiff "reluctantly" disclosed the information. The affidavit further alleges that upon being informed by counsel for Lee Drug, Inc. that plaintiff had in his possession an original pharmaceutical prescription belonging to Lee Drug, Inc., Kantor made repeated requests to plaintiff to send him the prescription so that he could return it to opposing counsel. When plaintiff refused to turn the prescription over to Kantor, Kantor advised him that he could no longer represent him and sent him a substitution of attorney form.

When plaintiff refused to execute the form, Kantor filed his motion for permission to withdraw, based upon plaintiff's "uncooperative attitude" and the "irreconcilable differences" between them. Kantor asserted that no injury would occur to either plaintiff or Lee Drug, Inc. as a result of his withdrawal, as no trial date had been set and no discovery matters were pending.

So far as appears from the record on appeal, plaintiff filed no formal opposition to Kantor's motion, which was granted on November 7, 1983. On November 15, 1983, plaintiff filed a request for reconsideration. The request, which is not verified, is supported by photocopies of three letters plaintiff had sent to Kantor wherein he attempted to explain to Kantor that he was not being uncooperative.[1] No affidavit or declaration under penalty of perjury was submitted in support of the motion for reconsideration, which was denied on December 22, 1983. On January 30, 1984, plaintiff filed a notice of appeal "from the order (ruling) of Judge Dept. 82 entered on 11-7-83 and [sic] became final on 12-22-83 . . . ."

■ The first issue before us is whether the court's ruling of November 7, 1983, was an appealable order. Plaintiff cites no authority for the proposition that it was. We have been unable to find any case directly in point. With two exceptions, the cases which have reviewed the propriety of an order ruling on an attorney's motion to withdraw have done so either on appeal following the conclusion of the underlying lawsuit (see, e.g., *People v. McKenzie* (1983) 34 Cal.3d 616 [194 Cal.Rptr. 462, 668 P.2d 769]; *De Recat Corp.* v. *Dunn* (1926) 197 Cal. 787 [242 P. 936, 42 A.L.R. 1342]; *People* v. *Prince* (1968) 268 Cal.App.2d 398 [74 Cal.Rptr. 197]), or via a petition for extraordinary writ brought during the pendency of the underlying lawsuit (*Echlin* v. *Superior Court* (1939) 13 Cal.2d 368 [90 P.2d 63, 124 A.L.R. 719]; *Mandell* v. *Superior Court* (1977) 67 Cal.App.3d 1 [136 Cal.Rptr. 354]; *Linn* v. *Superior Court* (1926) 79 Cal.App. 721 [250 P. 880]).

The two exceptions which permitted an immediate appeal by the client, *Tracy* v. *MacIntyre* (1938) 29 Cal.App.2d 145 [84 P.2d 526][2] and *Cassell* v. *Gregori* (1937) 28 Cal.App.2d Supp. 769 [70 P.2d 721], both involved cases in which the court awarded the attorney a fee in the form of a monetary judgment against the client.[3] Under those circumstances, the court's

---

[1]The request for reconsideration states that the letters were "previously submitted" to the court prior to its November 7 ruling. The circumstances of such "submission" are not explained.

[2]Disapproved on other grounds in *Fracasse* v. *Brent* (1972) 6 Cal.3d 784, 792, footnote 4 [100 Cal.Rptr. 385, 494 P.2d 9].

[3]*Cassell* v. *Gregori, supra,* involved an attorney's motion for permission to withdraw. *Tracy* v. *MacIntyre, supra,* involved a motion by the client to substitute attorneys.

orders were properly classified as final orders on a collateral matter directing the payment of money. (*Bauguess* v. *Paine* (1978) 22 Cal.3d 626, 634, fn. 3 [150 Cal.Rptr. 461, 586 P.2d 942]; *O'Brien* v. *Cseh* (1983) 148 Cal.App.3d 957, 960 [196 Cal.Rptr. 409].)

It thus appears that absent a provision for the payment of money, in an order ruling on an attorney's motion to withdraw, such an order is a nonappealable interim order which may be reviewed immediately only by way of a petition for extraordinary writ.[4] If the order granting Kantor's motion to withdraw is nonappealable, then the order denying reconsideration is likewise nonappealable. (*Litvinuk* v. *Litvinuk* (1945) 27 Cal.2d 38, 43-44 [162 P.2d 8]; *Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005, 1010 [183 Cal.Rptr. 594].)

In light of plaintiff's propria persona status, we deem the following additional comments advisable. Even if the November 7th order were appealable, the appeal would have to be dismissed as untimely. (*Blue Mountain Development Co.* v. *Carville, supra,* 132 Cal.App.3d 1005.) Although the timely filing of the request for reconsideration would have extended the deadline for filing notice of appeal until 30 days after entry of the order denying reconsideration (*ibid.*), plaintiff did not meet that extended deadline.

If the November 7th order were deemed appealable, thus rendering the order denying reconsideration appealable (*Blue Mountain Development Co.* v. *Carville, supra,* 132 Cal.App.3d 1005), and if the notice of appeal were liberally construed to encompass an appeal from the order denying reconsideration, the appeal would fail for several reasons.

First, the request for reconsideration was not supported by any legally competent evidence. Second, the request did not even purport to allege new or different facts, as is required by statute (Code Civ. Proc., § 1008, subd. (a)), and it is clear from the record that the facts which plaintiff relied upon were not new at all. (*Blue Mountain Development Co.* v. *Carville, supra,* 132 Cal.App.3d 1005, 1012-1013.) Third, if the technical deficiencies in the request for reconsideration were overlooked, and the merits of the pleading were considered, at most, they would have raised a factual issue, which the trial court had discretion to resolve as it did. (*Mandell* v. *Superior Court, supra,* 67 Cal.App.3d 1, 4.)

---

[4] As can be gleaned from our discussion, *infra,* of the merits of any potential appeal from the order denying reconsideration, there is a total lack of substantive merit in plaintiff's contentions on appeal which persuades us not to exercise our discretion (*Clovis Ready Mix* v. *Aetna Freight Lines* (1972) 25 Cal.App.3d 276 [101 Cal.Rptr. 820]) to treat the "appeal" as a petition for extraordinary writ.

The appeal is hereby dismissed.

Ashby, J., and Hastings, J., concurred.

A petition for a rehearing was denied December 9, 1985, and appellant's petition for review by the Supreme Court was denied January 22, 1986.