[No. A072467. First Dist., Div. Two. June 27, 1996.]

Conservatorship of the Person and Estate of DORIS M. RICH.
DORIS M. RICH, Petitioner and Appellant, v.
JAMES A. MOORE, as Conservator, etc., Objector and Respondent.

**COUNSEL**

Craig A. Brandt for Petitioner and Appellant.

Tosh G. Yamamoto and Walter S. Momura for Objector and Respondent.

**OPINION**

**KLINE, P. J.**—In this conservatorship proceeding, the conservatee, Doris M. Rich, filed a notice of appeal from an order of the superior court denying her motion for substitution of attorneys. Respondent, James A. Moore, conservator of Mrs. Rich's estate, moves to dismiss the appeal on grounds that the order is nonappealable.

*Proceedings in the Trial Court*

Respondent Moore is the conservator of the person and estate of the 91-year-old Mrs. Rich. Since July 1994, Robert K. Bolt has served as her attorney.

In October 1995 Mrs. Rich filed a motion to substitute Attorney Craig A. Brandt in place of Bolt. The motion was brought by Brandt as "proposed attorney for conservatee," with an accompanying declaration by Mrs. Rich herself. Moore filed objections and Bolt filed a declaration in opposition to the motion. After a hearing, the motion for substitution was denied. Mrs. Rich appeals the denial of this motion.[1]

## Discussion

■ There are three categories of appealable judgments or orders: (1) final judgments as determined by case law, (2) orders and interlocutory judgments made expressly appealable by statute, and (3) certain judgments and orders that, although they do not dispose of all issues in the case are considered "final" for appeal purposes and are exceptions to the one-final-judgment rule. (Eisenberg, Cal. Practice Guide: Civil Appeals and Writs 1 (The Rutter Group 1995) ¶ 2:20, p. 2-12 (Eisenberg).) The order below is not a final judgment. Nor is it an order made appealable by statute—guardianship and conservatorship proceedings are governed by the Probate Code, whose provisions are exclusive—no appeal lies from orders which are not enumerated therein. (Eisenberg, *supra*, ¶ 2:213, p. 2-91; see *Estate of Elftman* (1958) 160 Cal.App.2d 10, 14 [324 P.2d 977].) Probate Code section 2750 specifies those orders which are appealable; an order granting or denying substitution of attorneys is not listed among them.

■ Our inquiry is thus narrowed to the third category of appealable orders, i.e., judicially recognized exceptions to the final judgment rule. The only plausible exception applicable here is what we will refer to as the "collateral order" class of appealable orders: "When a court renders an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, *and directing [the] payment of money or performance of an act,* direct appeal may be taken." (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368 [134 Cal.Rptr. 197, 556 P.2d 297], italics added.) An order refusing to allow substitution of attorneys, while collateral to the main action, does not direct either the payment of money or the performance of an act. On the contrary, the order below *prevents* the performance of an act, namely, the substitution of counsel. It is settled that an order which only prevents the performance of an act or payment of money does not meet the collateral order exception to the one-final-judgment rule and is nonappealable. (*International Typographical*

---

[1]The notice of appeal was actually signed by Attorney Brandt, technically a stranger to these proceedings. However, since there is no claim that Brandt lacked authority to sign the notice on behalf of Mrs. Rich, we deem the notice valid. (*Seeley* v. *Seymour* (1987) 190 Cal.App.3d 844, 853-854 [237 Cal.Rptr. 282].)

*Union etc. Pension Plan* v. *Ad Compositors, Inc.* (1983) 142 Cal.App.3d 733, 735 [191 Cal.Rptr. 227] [order denying application for writ of attachment]; *Henry Cowell Lime etc.* v. *Figel* (1915) 27 Cal.App. 11 [148 P. 796] [order denying motion to sell attached property].)

Mrs. Rich suggests that the trial court's order denying substitution of attorneys is tantamount to an order on a motion to disqualify an attorney, which has been held appealable either as an order granting or denying injunctive relief, or a final order on a collateral matter. (*Vivitar Corp.* v. *Broidy* (1983) 143 Cal.App.3d 878, 881 [192 Cal.Rptr. 281]; *Chronometrics, Inc.* v. *Sysgen, Inc.* (1980) 110 Cal.App.3d 597, 599, fn. 1 [168 Cal.Rptr. 196].)

However, the California Supreme Court established in *Meehan* v. *Hopps* (1955) 45 Cal.2d 213, 215-216 [288 P.2d 267] (*Meehan*) that a motion to disqualify an attorney seeks injunctive relief in the form of the forcible removal of an attorney from the case, thereby bringing it within the class of orders granting or refusing to grant an injunction, which are made expressly appealable by statute. (See Code Civ. Proc., § 904.1 subd. (a)(6).) Mrs. Rich never sought injunctive relief, but merely leave of court to switch representation from her present counsel to another attorney.

In *Messih* v. *Lee Drug, Inc.* (1985) 174 Cal.App.3d 312 [220 Cal.Rptr. 43] (*Messih*), the client attempted to appeal from an order permitting his attorney to withdraw as his lawyer. The court held the order nonappealable, noting that "absent a provision for the payment of money, in an order ruling on an attorney's motion to withdraw, such an order is a nonappealable interim order which may be reviewed immediately only by way of a petition for extraordinary writ." (*Id.* at p. 315.)[2]

The order from which Mrs. Rich seeks to appeal and the order in *Messih* are essentially the same. In *Messih*, the client sought to keep the attorney in the case—here the client seeks to remove him and substitute a new attorney. In both situations, the trial court's order affects attorney representation against the client's wishes. More importantly, both are interim orders which, although final and collateral to the main litigation, do *not* command the payment of money or performance of an act.

We cannot conclude the discussion without noting, as one leading commentator points out, that a few cases have found orders appealable under the

---

[2]The *Messih* court's research disclosed two early cases permitting an immediate appeal by the client, one of which (*Tracy* v. *MacIntyre* (1938) 29 Cal.App.2d 145 [84 P.2d 526]) involved a motion to substitute attorneys. But in each case the order awarded an attorney fee against the client, and was thus properly classified as final collateral order for the payment of money. (174 Cal.App.3d at pp. 314-315.)

collateral order exception without considering the additional requirement that they direct payment of money or performance of an act (Eisenberg, *supra*, ¶ 2:79, p. 2-36; see *Henneberque* v. *City of Culver City* (1985) 172 Cal.App.3d 837, 841 [218 Cal.Rptr. 704]; *Trimble* v. *Steinfeldt* (1986) 178 Cal.App.3d 646, 649, 650 [224 Cal.Rptr. 195] [exception found where a party to the appeal is a stranger to the main action].)

We consider this line of cases aberrant. In the seminal case articulating the exception, *Sjoberg* v. *Hastorf* (1948) 33 Cal.2d 116 [199 P.2d 668] (*Sjoberg*), Justice Traynor could not have been more clear that such an order must pass two tests to be appealable: "*It is, not sufficient that the order determine finally for the purposes of further proceedings in the trial court some distinct issue in the case; it must direct the payment of money by the appellant or the performance of an act by or against him.* [Citations.]" (*Id.* at p. 119, italics added.)

It is true that the *Meehan* case, which postdates *Sjoberg,* contains language appearing to find an attorney disqualification order appealable as a final order on a collateral matter without considering whether it meets the payment-of-money/performance-of-an-act requirement. (45 Cal.2d at pp. 216-217.) However, as explained in *Efron* v. *Kalmanovitz* (1960) 185 Cal.App.2d 149, 154-156 [8 Cal.Rptr. 107], a close reading of the pertinent passage in *Meehan* warrants the conclusion that that the high court was concerned only with the issue of finality and did not intend to overrule its own holding in *Sjoberg* that there is a second indispensable requirement to the collateral order exception. History has borne out the wisdom of this analysis, for since then "[t]he California Supreme Court has consistently limited the collateral order doctrine to situations where a trial judge orders either payment of money or the performance of some act." (*Samuel* v. *Stevedoring Services* (1994) 24 Cal.App.4th 414, 418 [29 Cal.Rptr.2d 420], citing *Bauguess* v. *Paine* (1978) 22 Cal.3d 626, 634, fn. 3 [150 Cal.Rptr. 461, 586 P.2d 942]; *In re Marriage of Skelley, supra,* 18 Cal.3d 365, 368; *Sarracino* v. *Superior Court* (1974) 13 Cal.3d 1, 9 [118 Cal.Rptr. 21, 529 P.2d 53].)

We conclude that judicially compelled payment of money or performance of an act remains an essential prerequisite to the appealability of a final order regarding a collateral matter. (E.g., *Marsh* v. *Mountain Zephyr, Inc.* (1996) 43 Cal.App.4th 289, 298 [50 Cal.Rptr.2d 493].) Because the order denying substitution of attorneys does not overcome that obstacle, and because it is neither a final judgment nor an order made appealable by statute, we have no jurisdiction to review it.

## *Disposition*

The appeal is dismissed.

Haerle, J., and Lambden, J., concurred.