Filed 2/28/13  Williams v. Safire CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| KEVIN B. WILLIAMS,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>ERIC M. SAFIRE et al.,<br><br>    Defendants and Respondents. | A133759<br><br>(San Francisco City and County<br>Super. Ct. No. CGC-05-440797) |

Plaintiff Kevin B. Williams (appellant) appeals from an order denying his motion for sanctions against defendants Eric M. Safire and John Houston Scott (respondents) (Code Civ. Proc., § 128.7),[1] in connection with their motion to prohibit him from filing new litigation in propria persona without first obtaining leave of court.  We dismiss the appeal, as we conclude the order denying appellant's motion for sanctions is not immediately appealable.

## BACKGROUND

This appeal arises from an action for professional negligence appellant filed against respondents in April 2005.  In June 2005, the case was ordered to arbitration.  There is no final judgment in the case.

On May 25, 2011, respondents filed a motion in the superior court, seeking to prohibit appellant from filing new litigation in propria persona without obtaining leave of

---

[1]    All undesignated section references are to the Code of Civil Procedure.

1

court, contending he is a vexatious litigant. (§§ 391, subd. (b), 391.7.) Appellant did not file an opposition to the motion; instead, on June 9, he filed a motion in propria persona seeking a separate trial on the special defense of res judicata. The same day, he sent respondents' counsel a letter stating he would file a motion for section 128.7 sanctions against respondents and/or move to strike their vexatious litigant motion unless, within 21 days of service, respondents withdrew the motion.

On June 15, 2011, acting in propria persona, appellant filed the subject motion for sanctions, contending: (1) the vexatious litigant motion was not warranted by existing law, lacked evidentiary support, and was filed to delay the proceedings; (2) respondents attached exhibits to the motion that contained confidential information regarding appellant and his family in order to harass him; and (3) respondents were forum-shopping and failed to file their motion with the judge or department assigned to the case, as required by the California Rules of Court. The superior court denied the vexatious litigant motion at a June 22 hearing. At a July 28 hearing, the superior court denied appellant's motion for sanctions.

Appellant filed a timely notice of appeal from the order denying his motion for sanctions. Thereafter, respondents filed a motion to dismiss the appeal, contending the order is not appealable. We deferred disposition on respondents' motion to dismiss until consideration of the merits of the appeal and address it now.

## DISCUSSION

"The existence of an appealable [order or] judgment is a jurisdictional prerequisite to an appeal." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) "[If] the judgment or order is not appealable, the appeal must be dismissed. [Citation.]" (*Canandaigua Wine Co., Inc. v. County of Madera* (2009) 177 Cal.App.4th 298, 302.) "There are three categories of appealable judgments or orders: (1) final judgments as determined by case law, (2) orders and interlocutory judgments made expressly appealable by statute, and (3) certain judgments and orders that, although they do not dispose of all issues in the case are considered 'final' for appeal purposes and are exceptions to the one-final-

2

judgment rule. [Citation]" (*Conservatorship of Rich* (1996) 46 Cal.App.4th 1233, 1235.)[2]

An appeal may be taken from a final judgment or an order made after judgment, but not from an interlocutory order. (§ 904.1, subd. (a)(1), (2).) Because there is no judgment in this case, the order denying appellant's motion for sanctions is not appealable under section 904.1, subdivision (a)(1) or (2). (*Muller v. Fresno Community Hospital & Medical Center* (2009) 172 Cal.App.4th 887, 898.)

There also is no statute that makes this order appealable. Appellant indicated in his notice of appeal that this order is appealable under section 904.1, subdivision (a)(3)-(13), which identifies specific interlocutory orders and judgments that are appealable. Appellant is mistaken. Although section 904.1, subdivision (a)(11) and (12) permit a party to appeal from an interlocutory judgment or order directing it to pay monetary sanctions in excess of $5,000, these provisions do not apply here, where sanctions were denied. (See *Wells Properties v. Popkin* (1992) 9 Cal.App.4th 1053, 1055 ["[Former section] 904.1, subdivision (k) permits a party to appeal a judgment or an order directing it to pay monetary sanctions in excess of $750. [Citation.] However, *denial* of a motion for sanctions is not a judgment and is therefore not appealable."].) Appellant's reliance on section 1294, subdivision (d) also is misplaced, as this subdivision permits a party to appeal from a judgment entered pursuant to title 9 of the Code of Civil Procedure, which governs arbitration proceedings. No judgment has been entered in the arbitration proceeding.

Appellant does not identify any exception to the one final judgment rule that applies to the order denying his motion for sanctions. He relies on *Shelton v. Rancho*

---

2   Section 904.1 codifies the one final judgment rule. (*In re Marriage of Griffin* (1993) 15 Cal.App.4th 685, 687.) "The theory is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly and that a review of intermediate rulings should await the final disposition of the case." (*Ibid.*) A judgment is final when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done except for its enforcement by execution. (*Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304.)

*Mortgage & Investment Corp.* (2002) 94 Cal.App.4th 1337, which found an order denying a motion for sanctions appealable. *Shelton* is distinguishable, however, as it addresses a postjudgment order that is appealable under section 904.1, subdivision (a)(2).

Appellant has not demonstrated that the order denying sanctions is an appealable order.[3]

## DISPOSITION

Respondents' motion to dismiss is granted. The appeal is dismissed, without prejudice to appellant's ability to seek review of the order denying his motion for sanctions upon a timely appeal from the judgment entered in the superior court proceeding. Respondents shall recover their costs on appeal.

 

_____
SIMONS, J.

We concur.

_____
JONES, P.J.

_____
BRUINIERS, J.

---

[3] Appellant contends the order denying sanctions is immediately appealable "because section 128.7 does not require that a motion for sanctions be filed before the court renders a dispositive ruling on the pleading or motion as to which sanctions are sought." Appellant misses the point. The issue is not the timing of the motion for sanctions, but rather, the timing of the appeal, i.e., whether the order at issue is immediately appealable or must be reviewed on appeal from the final judgment.