Filed 11/5/13  Bank of America v. Sloan CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>        Plaintiff,<br><br>v.<br><br>SAMUEL H. SLOAN,<br><br>        Objector and Appellant.<br><br>SAM WARE,<br><br>        Movant and Respondent. | A137739<br><br>(San Francisco County<br>Super. Ct. No. PTR33273030) |

Appellant Samuel Sloan appeals from an order granting his attorney's motion to be relieved as counsel.  Because the order is not appealable, we dismiss the appeal.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

This appeal arises out of a dispute involving a trust established by Kenneth and Rachel Goodall for the benefit of their only son, Michael.  In the 1990s, the Goodall parents died, and Bank of America assumed responsibilities as trustee of the trust.  In 1999, Michael initiated the instant action in San Francisco and petitioned to have Bank of America removed as trustee.  The petition was denied.  Michael died in 2010, and the Marin County Superior Court appointed appellant Sloan as the administrator of Michael's estate.

1

The San Francisco case was inactive for approximately 11 years until 2011 when Bank of America filed two motions: one to confirm the assets of the Goodall Trust and another to determine the trust's proper beneficiaries. Shortly thereafter, Sloan retained attorney Sam Ware to represent him. The superior court ordered the assets of the Goodall Trust to be distributed to Rachel Goodall's siblings and a charity, Guide Dogs for the Blind, Inc.

After about a year of representing Sloan, Ware filed a motion to be relieved as his counsel in the San Francisco case. Ware's short, three-line declaration in support of his motion alleged a "personality conflict" that made it "unreasonably difficult" for him to represent Sloan. Sloan filed no opposition. Meanwhile, Bank of America filed a motion for sanctions, which the court continued until after Ware's motion to be relieved was heard.

At the hearing on the motion to withdraw, the court gave Ware an opportunity to elaborate on why he was seeking to withdraw. Ware explained that there was a "fundamental difference" between how he and Sloan approached the case, and that Sloan had twice filed paperwork that contained inappropriate language without his advice or consent. Sloan orally opposed the motion, contending that it was improper for Ware to withdraw to avoid Bank of America's threat of sanctions. In granting Ware's motion, the trial court stated that "Mr. Ware has made it clear that there is a breakdown in the attorney-client relationship that requires the Court to allow him to withdraw at this time." The order was signed and filed two weeks later at the hearing on Bank of America's motion for sanctions.[1] This appeal followed.

---

[1] The trial court denied Bank of America's motion for sanctions. Sloan appealed from that order (A137740), but this court dismissed the appeal on February 27, 2013, because Sloan was not an "aggrieved" party. (Code Civ. Proc., § 902.) Sloan has also previously appealed from two other orders (A137189, A137190). Both appeals were dismissed, one for being untimely and the other because the order was not appealable. (Cal. Rules of Court, rule 8.104(a)(1)(C); Code Civ. Proc., § 1008, subd. (g).)

## II.
### DISCUSSION

In his opening brief, Sloan asserts myriad theories purporting to support a reversal of the trial court's order. His main argument seems to be that Ware's withdrawal should have been denied because Ware wanted to withdraw out of fear of Bank of America's efforts to obtain sanctions. Sloan's other arguments are scattered amid a rambling narrative of the case and include, among other assertions, that Bank of America lacks standing to appear and that the entire case should be dismissed. Ware, in his three-page response, contends that Sloan has not been aggrieved and that the trial court's order was "well supported in the record" because Sloan twice filed pleadings that contained objectionable language without consulting him.

Although neither party raises the issue, we conclude that the order granting Ware's motion to be relieved as counsel is not appealable. A reviewing court must raise the issue on its own motion if there is any doubt as to the appealability of an order, because "[t]he existence of an appealable judgment is a jurisdictional prerequisite to an appeal." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) "There are three categories of appealable orders: (1) final judgments as determined by case law, (2) orders and interlocutory judgments made expressly appealable by statute, and (3) certain judgments and orders that, although they do not dispose of all issues in the case are considered 'final' for appeal purposes and are exceptions to the one-final-judgment rule. [Citations.] . . . . [¶] Our inquiry is thus narrowed to the third category of appealable orders, i.e., judicially recognized exceptions to the final judgment rule. The only plausible exception applicable here is what we will refer to as the 'collateral order' class of appealable orders: 'When a court renders an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, *and directing* [*the*] *payment of money or performance of an act,* direct appeal may be taken.' [Citation.]" (*Conservatorship of Rich* (1996) 46 Cal.App.4th 1233, 1235, original italics.)

3

*Messih v. Lee Drug, Inc.* (1985) 174 Cal.App.3d 312 applied the collateral-order rule to orders granting an attorney's motion to be relieved as counsel. As with Sloan, the appellant in *Messih* attempted to appeal from an order granting his attorney's motion to withdraw. (*Id.* at p. 314.) The court held that "absent a provision for the payment of money, in an order ruling on an attorney's motion to withdraw, *such an order is a nonappealable interim order* which may be reviewed immediately only by way of a petition for extraordinary writ." (*Id.* at p. 315, fn. omitted, italics added; see also *Conservatorship of Rich, supra,* 46 Cal.App.4th at p. 1236 [order denying motion to substitute one attorney for another is not an appealable order].)

The order granting Ware's motion to be relieved as counsel does not direct the payment of money or the performance of an act, and therefore does not come within the "collateral order" class of appealable orders. (*Conservatorship of Rich, supra,* 46 Cal.App.4th at p. 1235; *Messih v. Lee Drug, Inc., supra*, 174 Cal.App.3d at p. 315.) Neither party requests that we treat this appeal as a writ petition, and we decline to exercise our discretion to do so under the circumstances of this case. (*Olson v. Cory* (1983) 35 Cal.3d 390, 401; see also *Clovis Ready Mix Co. v. Aetna Freight Lines* (1972) 25 Cal.App.3d 276, 281 [nonappealable order treated as a writ "in the interests of justice and to avoid unnecessary delay"].) As in *Messih*, the "total lack of substantive merit" in the contentions on appeal persuades us that this is not a circumstance where we should exercise our discretion. (*Messih* at p. 315, fn. 4.)

III.
DISPOSITION

The appeal is dismissed. Sloan's request for oral argument is denied.

_____
Humes, J.

We concur:


_____
Reardon, Acting P.J.


_____
Rivera, J.

5