Filed 9/8/21 Certified for Publication 9/10/21 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DR. V PRODUCTIONS, INC., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> SAMANTHA REY, <br><br> Defendant and Appellant. | B312605 <br><br> (Los Angeles County Super. Ct. No. 20STCV23176) <br><br> **ORDER DISMISSING APPEAL** |

BY THE COURT:

Plaintiff and respondent Dr. V. Productions, Inc. moves to dismiss defendant and appellant Samantha Rey's appeal from an order denying appellant's motion for $273,484.56 in attorney's fees under Civil Code section 3426.4 (section 3426.4). That statute provides for attorney's fees for the bad faith prosecution of a trade secret misappropriation claim. Respondent argues the order is not separately appealable. We agree.

I.

The underlying litigation, filed in 2020, stems from a former employment relationship between appellant and

respondent. Respondent is an entertainment production company, and appellant held various positions with the company. After appellant was terminated, respondent brought suit against her and related parties. Generally speaking, the complaint alleged that, after appellant's termination, she converted and destroyed documents that belonged to respondent. According to the complaint, the files in question "included the vast majority of Respondent's proprietary company information." The current lawsuit is the third among the parties.

In the present action, after significant discovery, respondent voluntarily dismissed its misappropriation of trade secrets cause of action. That left remaining claims for breach of fiduciary duty, "abuse of control," gross mismanagement, corporate waste, conversion, and extortion. Those claims are still outstanding.

Following the dismissal of the trade secrets cause of action, appellant moved for an award of attorney fees under section 3426.4. On March 10, 2021, the trial court denied the motion. Appellant appealed, and respondent moved to dismiss the appeal.[1]

---

[1] On the same date, the court ruled on various other matters. The current appeal involves only the denial of attorney fees.

II.

Section 3426.4 provides: "If a claim of misappropriation is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or willful and malicious misappropriation exists, the court may award reasonable attorney's fees and costs to the prevailing party. Recoverable costs hereunder shall include a reasonable sum to cover the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, preparation for trial or arbitration, or during trial or arbitration, of the case by the prevailing party."

In enacting the statute, "the Legislature was concerned with curbing 'specious' actions for misappropriation of trade secrets, and such actions may superficially appear to have merit." (*Gemini Aluminum Corp. v. California Custom Shapes, Inc.* (2002) 95 Cal.App.4th 1249, 1262.) An award of reasonable attorney's fees may act " 'as a *deterrent* to *specious* claims of misappropriation. . . .' M. Jager, Trade Secrets Law, APP.A1 at 13 (1988) (emphasis added)." (*Stilwell Development Inc. v. Chen* (C.D. Cal., Apr. 25, 1989, No. CV86-4487-GHK) 1989 WL 418783, at *3, 1989 U.S. Dist. Lexis 5971, emphasis in district court opinion.)

There are few California appellate opinions that discuss section 3426.4, and we have found none that addresses whether

3

there is a right to an interlocutory appeal such as this one.[2]  So
we apply general principles of appellate jurisprudence in deciding
whether or not to dismiss the appeal.

"The right to appeal is conferred by statute.  [Citation.]
Code of Civil Procedure section 904.1, subdivision (a) lists
appealable judgments and orders." (*Apex LLC v. Korusfood.com*
(2013) 222 Cal.App.4th 1010, 1014-1015 (*Apex*).)  Appellant does
not contend that the order in question is appealable pursuant to
that section.  Instead, she asserts that the order is an appealable
"collateral order."

"An appeal is allowed if the order is a final judgment
against a party in a collateral proceeding growing out of the
action." (*Sjoberg v. Hastorf* (1948) 33 Cal.2d 116, 119 (*Sjoberg*).)
"To qualify as appealable, the interlocutory order must be a final
determination of a matter that is collateral—i.e., distinct and
severable—from the general subject of the litigation." (*Koshak v.
Malek* (2011) 200 Cal.App.4th 1540, 1545.)

Appellant concedes at page 17 of her opposition brief that
appeals allowable from collateral orders in this context typically

---

[2]     Many of the opinions that address section 3426.4 are from
the United States District Court.  *Stilwell*, a case mentioned in
the text, is one.  The parties do not cite, and we have not found,
any California appellate case involving an interlocutory appeal of
a section 3426.4 order.  The California appeals are all post
judgment.

4

involve the direct payment of money or performance of an act. (See, e.g., *Apex, supra,* 222 Cal.App.4th 1010,1016; *Marsh v. Mountain Zephyr, Inc.* (1996) 43 Ca1.App.4th 289, 297-298.) The present case involves neither – the court *refused* to order respondent to pay attorney fees; the court did not order the performance of any other act. Appellant posits two theories why the order denying attorney's fees in this setting is nevertheless appealable.

Appellant's first theory is that, if a collateral order that directs payment of attorney fees (i.e. "payment of money") is appealable, by parity of reasoning the opposite should be true. We disagree for two reasons. The modern formulation of the rule is found in *Sjoberg, supra,* 33 Cal.2d at page 119: "An appeal is allowed if the order is a final judgment against a party in a collateral proceeding growing out of the action. [Citations.] It is not sufficient that the order determine finally for the purposes of further proceedings in the trial court some distinct issue in the case; it must direct the payment of money by appellant or the performance of an act by or against him." This articulation makes no mention of an order *denying* the payment of money or *refusing* to require performance of an act. Rutter refers to this distinction as the "majority view." (*Eisenberg, et al.,* Cal. Practice Guide, Civil Appeals and Writs, § 2.78, p. 2-56.) "If instead, the interim order or judgment is 'prohibitive' in effect

5

(e.g. merely *prevents* the payment of money or performance of an act), the weight of authority holds that it is *not* directly appealable and the right of appeal must await a final judgment." (*Ibid*, emphasis in original.)

Appellant's argument also overlooks that, in our appellate jurisprudence, statutes are not always reciprocal to the parties. Some authorize an appeal by one side to a matter but deny that right to the other side. (See, e.g., Code of Civ. Proc, § 437c, subdivision (m) [orders granting summary judgment appealable; denials of summary judgment reviewed by writ]; Code of Civ. Proc., § 1294, subd. (a); *Nelsen v. Legacy Partners Residential, Inc.* (2012) 207 Cal.App.4th 1115, 1121 ["Orders granting motions to compel arbitration are generally not immediately appealable."]; *Hernandez v. Ross Stores, Inc.* (2016) 7 Cal.App.5th 171, 176 ["The denial of a motion to compel arbitration is an appealable order."]; Cf. *Doe v. Luster* (2006) 145 Cal.App.4th 139, 150 [a separate order granting or denying attorney's fees in connection with an anti-SLAPP motion (§§ 425.16, et seq.) is itself not separately appealable].)

Appellant has not articulated any policy reason why the collateral order rule under *Sjoberg* and other cases should be extended to permit an interlocutory appeal of an order denying an award of attorney fees during the time the bulk of the litigation is ongoing in the trial court.

6

Appellant's second theory of appealability relies on authority that favors a more holistic approach to the issue. Appellant cites as an example *Meehan v. Hopps* (1955) 45 Cal.2d 213, 215-217. There, the Supreme Court held that an order denying a motion to disqualify opposing counsel was appealable. The court made no mention of the payment of money or performance of an act. Instead, the court analogized the motion to the denial of injunctive relief and concluded that the order was collateral: "The matter of disqualification of counsel is unquestionably collateral to the merits of the case." (*Id.,* at pp. 216–217.)

Appellant also relies on *Muller v. Fresno Community Hospital & Medical Center* (2009) 172 Cal.App.4th 887 for a what she claims is an expansive collateral order rule: "When the order does not require a payment of money or the performance of an act, the Supreme Court will find the order appealable without reference to these limitations, *as long as the court is satisfied that the order is truly collateral.*" (*Id.* at p. 902; emphasis in original.)

We first observe that our colleagues in the First District, Division 2, have cautioned against an expansive interpretation of the collateral order doctrine. (*Conservatorship of Rich* (1996) 46 Cal.App.4th 1233, 1235 (*Rich*).) There, the conservator had moved to substitute counsel in a conservatorship proceeding. The motion was denied, and the conservator appealed. The Court of

7

Appeal dismissed the appeal. As for those courts that have not faithfully followed the Supreme Court's opinion in *Sjoberg*, the *Rich* court had this to say: "We consider this line of cases aberrant. In the seminal case articulating the exception, *Sjoberg* [citation], Justice Traynor could not have been more clear that such an order must pass two tests to be appealable: *'It is not sufficient that the order determine finally for the purposes of further proceedings in the trial court some distinct issue in the case; it must direct the payment of money by the appellant or the performance of an act by or against him.'* " (*Rich, supra,* at p. 1237.)

Even if we were to apply the broader standard that appellant suggests, this appeal would lack legal vitality. The order before us is not "truly collateral" under *Muller*. In contrast, the order disqualifying counsel as in *Meehan* unquestionably was unrelated to the merits of the parties' dispute. Not so here. Appellant's motion addressed only one of respondent's causes of action; six remain. "A party may not normally appeal from a judgment on one of [the] causes of action if determination of any remaining cause is still pending." (*Tenhet v. Boswell* (1976) 18 Cal.3d 150, 153. See also *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 697) ["piecemeal disposition and multiple appeals in a single action would be oppressive and costly"].)

8

At its core, this is a lawsuit about the claimed destruction and conversion of corporate documents, a claim common to the trade secret cause of action and all the others. Whether some or all of the documents were truly trade secrets is likely not dispositive of the remaining claims, and, hence, the order denying attorney fees cannot be said to be collateral. (*Cf. Yield Dynamics, Inc. v. TEA Systems Corp* (2007) 154 Cal.App.4th 547, 579 [trade secret claim "was intractably intertwined" with "claims for breach of the asset agreement"].)

Appellant asks that, if the court is inclined to dismiss the appeal, the notice of appeal should be treated as a petition for a writ of mandamus. We decline to do so. Appellant has an adequate remedy on appeal, just not at this time.

We also deny respondent's request for sanctions for appellant having filed a frivolous appeal. We cannot say at this juncture that appellant's appeal was prosecuted for an improper motive or indisputably lacks merit. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.)

The appeal is dismissed.

_____

RUBIN, P. J.          MOOR, J.          KIM, J.

Filed 9/10/21

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| DR. V PRODUCTIONS, INC.,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SAMANTHA REY,<br><br>Defendant and Appellant. | B312605<br><br>(Los Angeles County Super. Ct. No. 20STCV23176)<br><br>**ORDER CERTIFYING ORDER OF DISMISSAL FOR PUBLICATION**<br>[No change in judgment] |

BY THE COURT:

APPEAL from an order of the Los Angeles Superior Court, Michael L. Stern, Judge. Dismissed.

Lefkowitz Law Group, Jamie Lefkowitz for Defendant and Appellant.

Traction Law Group and Charles Menzies; KJC Law Group, A.P.C. and Kevin Jason Cole for Plaintiff and Respondent.

_____

The order of dismissal in the above-entitled matter filed on September 8, 2021, was not certified for publication in the Official Reports.  For good cause, it now appears that the order should be published in the Official Reports and it is so ordered.

There is no change in judgment.

_____

RUBIN, P. J.                    MOOR, J.                    KIM,J.

2