Filed 3/3/22  Elias v. Jensen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAVID ELIAS, | |
| Plaintiff and Appellant, | G060098 |
| v. | (Super. Ct. No. 30-2018-00980796) |
| SUZANNE JENSEN, as Cotrustee, etc., et al., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Kim R. Hubbard, Judge.  Dismissed.  Motion to dismiss appeal.  Granted.  Request for supplemental authorities.  Denied.

David Elias, in pro per.

Law Offices of Krishna Gulaya and Krishna Gulaya, in pro per.

*          *          *

David Elias appeals from the trial court's order granting respondent Krishna Gulaya's motion to withdrawal as Elias's attorney.[1] Gulaya filed a motion to dismiss the appeal. As explained below, we conclude the trial court's order is nonappealable and accordingly, we dismiss the appeal.

I

FACTUAL AND PROCEDURAL BACKGROUND

Gulaya represented Elias in a probate matter. On November 23, 2020, Gulaya moved to be relieved as counsel.

At the hearing on Gulaya's withdrawal motion, the trial court noted it had not seen an opposition. Nevertheless, the court heard Elias's objections to the withdrawal motion. Elias acknowledged filing recent pleadings on his own, stating he had "demoted [Gulaya] to co-counsel." He also acknowledged filing a complaint against her with the State Bar. The trial court granted the withdrawal motion, stating: "Sir, we are not going to force her to continue to represent you when you are filing documents under your own name, without your attorney's input at all, and when you have filed a complaint against her with the State Bar."

---

[1] After briefing was completed and the matter set for oral argument, Elias filed a document entitled "Appellant's Request for Supplemental Authorities." We deny the request because it fails to comply with California Rules of Court, rule 8.254, which provides: "(a) If a party learns of significant new authority, including new legislation, that was not available in time to be included in the last brief that the party filed or could have filed, the party may inform the Court of Appeal of this authority by letter." Rule 8.254 also provides: "(b) . . . No argument or other discussion of the authority is permitted in the letter." Elias's supplemental letter cites authority that was available at the time he filed his reply brief, and it includes argument and discussion. We also decline to treat the letter as supplemental briefing because under California Rules of Court, rule 8.200, (a)(4), "No other brief may be filed except with the permission of the presiding justice, unless it qualifies under (b) [supplemental briefing following remand from Supreme Court] or (c)(7) [amicus briefs]."

## II

### DISCUSSION

In general, an order granting an attorney's motion to withdraw that does not direct any payment of money or the performance of any act is not appealable. (*Messih v. Lee Drug, Inc.* (1985) 174 Cal.App.3d 312, 315 (*Messih*); see also *Conservatorship of Rich* (1996) 46 Cal.App.4th 1233, 1236 [order denying motion to substitute one attorney for another is not an appealable order].) The order here neither directed payment of money or performance of an act, nor is listed among the orders made appealable under Probate Code sections 1300 and 1304. Thus, the order allowing Gulaya to withdraw is not appealable.

The order is reviewable "immediately only by way of a petition for extraordinary writ." (*Messih*, *supra*, 174 Cal.App.3d at p. 315.) We decline to treat the appeal from the attorney withdrawal order as a petition for extraordinary writ because Elias presents no reason for us to do so. (*Id.* at p. 315, fn. 4; *Estate of Weber* (1991) 229 Cal.App.3d 22, 25 ["A petition to treat a nonappealable order as a writ should only be under extraordinary circumstances, '"compelling enough to indicate the propriety of a petition for writ . . . in the first instance."'"].) In Elias's opposition, he argues dismissal should be denied because Gulaya breached her fiduciary duties to him and colluded with opposing counsel. But if Elias's allegations against Gulaya are true, the trial court did not abuse its discretion when it concluded Elias should not be represented by a conflicted attorney with whom he has a present disagreement. (*Manfredi & Levine v. Superior Court* (1998) 66 Cal.App.4th 1128, 1133 ["The determination whether to grant or deny a motion to withdraw as counsel lies within the sound discretion of the trial court"].)

3

## III

### DISPOSITION

The appeal is dismissed.  No costs are awarded.


ZELON, J.*

WE CONCUR:


O'LEARY, P. J.


MOORE, J.


*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.