Filed 2/28/13  Williams v. Safire CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| KEVIN B. WILLIAMS,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>ERIC M. SAFIRE et al.,<br><br>    Defendants and Respondents. | A132145<br><br><br>(San Francisco City and County<br>Super. Ct. No. CGC-05-440797) |

After this court dismissed a prior appeal by plaintiff Kevin B. Williams (appellant), defendants Eric M. Safire and John Houston Scott (respondents) filed a cost memorandum in the superior court, seeking to recover their costs on appeal.  Appellant moved to tax costs; the superior court denied the motion and awarded the costs sought by respondents.  Appellant appeals from the order denying his motion.  We affirm.

## BACKGROUND

In April 2005, appellants filed an action for professional negligence against respondents, and the case was ordered to arbitration.  The parties proceeded to arbitration, and the arbitrator issued an award in respondents' favor on May 8, 2008.  The superior court later vacated the arbitration award and ordered a rehearing in arbitration.  Appellant filed a notice of appeal purporting to appeal from the superior court's statement of decision ordering the parties back to arbitration.  Respondents moved to dismiss the appeal on the ground that it was taken from a nonappealable order.  Respondents also

moved for sanctions against appellant on the ground that the appeal was frivolous (Cal. Rules of Court, rule 8.276(a)(1)),[1] seeking their attorney fees in preparing these motions, as well as their costs in designating the record, specifically, $2,275 for preparation of reporter's transcripts.  On November 10, 2010, this court granted respondents' motion to dismiss the appeal, but denied their motion for sanctions.  (See *Williams v. Safire* (Nov. 10, 2010, A129600) (hereafter A129600).)  On January 12, 2011, the remittitur issued, indicating that respondents were entitled to recover their costs on appeal.

Shortly thereafter, respondents filed a memorandum of costs in the superior court, seeking to recover $1,037.25 in court reporter fees, the balance of their deposit for the preparation of a reporter's transcript in A129600.[2]  Appellant did not file a motion to tax costs within the time allowed by rules 8.278(c) and 3.1700(b)(1).  On March 8, 2011, he filed a motion under Code of Civil Procedure section 473,[3] seeking relief from his failure to timely file a motion to strike or tax costs.  Respondents did not oppose appellant's motion for relief and sought a determination on the merits of their claim for costs.  The superior court granted appellant relief from his failure to timely move to tax costs, but denied his motion to tax costs, concluding respondents were entitled to recover $1,037.25 in costs, as they were the prevailing party on appeal and those costs were reasonably incurred.

Appellant filed a timely notice of appeal from the superior court's order denying his motion to tax costs.  Thereafter, respondents filed a motion to dismiss the appeal, contending the order denying appellant's motion to tax costs is not an appealable order. We deferred disposition of respondents' motion to dismiss the appeal and consider it now, before addressing the merits of the appeal.

---

[1]   All rule references are to the California Rules of Court.

[2]   Respondents paid $2,275 in fees for reporter's transcripts in A129600 on September 7, 2010, when they filed their counter-designation of the record.  On November 8, the superior court refunded $1,237.75 to respondents.  A129600 was the only appeal pending in the action at that time.

[3]   All undesignated section references are to the Code of Civil Procedure.

**DISCUSSION**

I *Respondents' Motion to Dismiss This Appeal*

"The existence of an appealable [order or] judgment is a jurisdictional prerequisite to an appeal." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) "[If] the judgment or order is not appealable, the appeal must be dismissed. [Citation.]" (*Canandaigua Wine Co., Inc. v. County of Madera* (2009) 177 Cal.App.4th 298, 302.) An appeal may be taken from a final judgment or an order made after judgment, but not from an interlocutory order. (§ 904.1, subd. (a)(1), (2).) Exceptions to the final judgment rule also may apply. (*Conservatorship of Rich* (1996) 46 Cal.App.4th 1233, 1235 (*Rich*).)

California's appellate courts are divided as to whether an order on a motion to tax costs on appeal is an appealable order. In *Barnes v. Litton Systems, Inc.* (1994) 28 Cal.App.4th 681 (*Barnes*), the Second District held that an order taxing costs on appeal is not appealable. (*Id.* at pp. 682, 685.) In *Krikorian Premiere Theatres, LLC v. Westminster Central, LLC* (2011) 193 Cal.App.4th 1075 (*Krikorian*), the Fourth District rejected the analysis in *Barnes* and held that "an order denying a motion to tax costs on appeal, in whole or in part, is immediately appealable." (*Krikorian*, at p. 1085.) *Krikorian* concluded, first, that such an order is appealable as an order after judgment under section 904.1, subdivision (a)(2). (*Krikorian*, at p. 1085.) Relying on *Markart v. Ziemer* (1925) 74 Cal.App. 152 (*Markart*) and *Monson v. Fischer* (1933) 219 Cal. 290 (*Monson*), *Krikorian* reasoned that, in the context of an award of costs on appeal, "the relevant final judgment is the judgment of the *Court of Appeal*. [Citation.] The Court of Appeal identifies the party entitled to costs. Any subsequent proceedings in the trial court to fix the amount of the fees are essentially postjudgment proceedings *in the appeal*." (*Krikorian*, at p. 1083; see *Markart*, at pp. 158-159; accord, *Monson*, at p. 291 [an order denying a party's motion to tax costs is appealable, as "[a]n order taxing costs on appeal is a special order made after final judgment."].) *Krikorian* also noted that an award of costs is immediately enforceable and " ' ". . . a complete judgment in itself that finds its origin in the order of an appellate . . . [c]ourt affirming or reversing a judgment of a lower court. The right to such judgment comes into being when the order of the

3

reviewing court becomes final.  The judgment itself is created when the successful party files his cost bill and his costs are taxed."  [Citations.]'  [Citation.]  It cannot be affected by any further proceedings in the trial court.  And there may never *be* any further proceedings in the appellate court.  Thus, it is not preliminary to further proceedings within the meaning of *Lakin* [*v. Watkins Associated Industries* (1993) 6 Cal.4th 644]."  (*Krikorian*, at p. 1083; see rule 8.278 (c)(3) ["An award of costs [on appeal] is enforceable as a money judgment."].)  *Krikorian* declined to follow *Barnes*, noting that *Barnes* conflicted with *Markart*, "did not cite or discuss *Monson* or *Markart*" or "explain why it was not following them," and "overlooked the unique nature of an award of costs on appeal."  (*Krikorian*, at pp. 1080-1083.)

　　　*Krikorian* concluded, in any event, that the "collateral order" exception to the one final judgment rule applies to an order on a motion to tax costs on appeal. (*Krikorian*, *supra*, 193 Cal.App.4th at p. 1083.)  The collateral order exception allows a direct appeal from "an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, and directing [the] payment of money or performance of an act."  (*Rich*, *supra*, 46 Cal.App.4th at p. 1235, italics omitted.)  This exception applies when (1) the judgment or order is final as to the collateral matter; and (2) the subject of the judgment or order is, in fact, collateral to the subject of the litigation.  (*Sjoberg v. Hastorf* (1948) 33 Cal.2d 116, 119; *Marsh v. Mountain Zephyr, Inc.* (1996) 43 Cal.App.4th 289, 297-298.)  Under the majority view, which the First District has adopted, a third element is also required:  that the order direct the payment of money by the appellant or the performance of an act by or against the appellant. (Eisenberg, Horvitz & Wiener, Cal. Practice Guide:  Civil Appeals and Writs (The Rutter Group 2012) ¶ 2:78, p. 2-46 (rev. #1, 2012); see *Rich*, *supra*, 46 Cal.App.4th at p. 1237 ["judicially compelled payment of money or performance of an act remains an essential prerequisite to the appealability of a final order regarding a collateral matter"].)  In concluding that an order on a motion to tax costs satisfies these requirements, *Krikorian* relied on the court's reasoning in *Markart*, which "noted that an order taxing costs on appeal is 'ancillary,' unrelated to the eventual judgment on the merits, and effectively

4

final with respect to the ancillary issue. [Citation.] It also noted that the order is immediately enforceable. [Citation.] And it expressed concern that the order might escape review entirely. [Citation.]" (*Krikorian*, at p. 1083.) *Krikorian* concluded, accordingly, that the collateral order exception applied because "[t]he appellate court has already determined which party is entitled to costs on appeal; the trial court need only determine the appropriate amount of such costs. Both issues can be decided independently from any other issues in the action. Thus, the order is final with respect to the issue of costs on appeal." (*Ibid.*) The court also concluded that the third element of the collateral order exception was met, finding "no meaningful distinction between an order *awarding* costs and an order *denying* a motion to *tax* costs," as "[t]he effect of an order denying a motion to tax costs, in whole or in part, is that the moving party must pay the costs allowed. Moreover, the award of costs is immediately enforceable 'as a money judgment.' [Citation.]" (*Id.* at p. 1084.)

*Krikorian* states the better view, based on the relevant precedent regarding postjudgment orders and the applicable exception for collateral orders.[4]

Respondents rely on *Distefano v. Hall* (1963) 218 Cal.App.2d 657 (*Distefano*), in contending the First District "falls in line with *Barnes*." To the extent this suggests *Distefano* followed *Barnes*, it is misleading, as *Distefano* was decided over 30 years earlier and does not consider the distinction articulated in *Krikorian* for costs on appeal. *Distefano* is distinguishable, in any case, as it addresses the denial of costs "on account of the trial of said action." (*Distefano*, at p. 680; see also pp. 680-681.) As in *Krikorian*, our conclusion here turns on "the unique nature of an award of costs *on appeal*." (*Krikorian*, *supra*, 193 Cal.App.4th at p. 1083.)

---

[4] The collateral order exception was not at issue in *Barnes*. (*Barnes*, *supra*, 28 Cal.App.4th at p. 685, fn. 4 [waiver by failing to assert the exception].) The court did note in dicta: "[W]e would be compelled to conclude the order *taxing* costs would be nonappealable" because it was not an order to pay money. (*Ibid.*) That analysis is inapplicable here. In *Barnes*, the order at issue granted the defendant's motion to tax costs, denying those costs to appellant; here, the superior court awarded the costs at issue, effectively directing appellant to pay them.

5

We conclude, accordingly, that the order denying appellant's motion to tax costs is an appealable order, deny respondents' July 5, 2011 motion to dismiss the appeal, and turn to the merits.

## II. *The Denial of Appellant's Request for a Statement of Decision*

Appellant contends the superior court committed reversible error in denying his request for a statement of decision on his motion to tax costs.

At the outset of the hearing, appellant requested a statement of decision under sections 1291 and 632. Neither of these provisions requires a statement of decision on appellant's motion to tax costs. Section 1291 states: "A statement of decision shall be made by the court, if requested pursuant to Section 632, whenever an order or judgment, except a special order after final judgment, is made that is appealable *under this title*." (Italics added.) As the superior court properly noted, nothing in title 9 of the Code of Civil Procedure, which governs arbitration proceedings, makes an order denying a motion to tax costs appealable.

Section 632 also has no application here, as it applies only "upon the trial of a question of fact by the court." Appellant has not shown that his motion to tax costs constitutes a trial of a factual question. Indeed, under section 632, a statement of decision "is neither required nor available upon decision of a motion." (*Lavine v. Hospital of the Good Samaritan* (1985) 169 Cal.App.3d 1019, 1026.)

## III. *The Superior Court's Denial of Appellant's Motion to Tax Costs*

### A. *This Court's Denial of Sanctions in A129600*

Appellant contends the superior court erred in awarding the same costs this court declined to award as sanctions in A129600. As respondents correctly note, appellant "confuses the standards for a motion for sanctions with the provisions of rule 8.278 providing for the prevailing party to recover its costs." Sanctions awarded for a frivolous appeal may include costs on appeal (rule 8.276(a)); but a party also may be entitled to costs as the prevailing party, even where sanctions are not warranted (see rule 8.278(a)(1) ["[T]he party prevailing in the Court of Appeal in a civil case other than a juvenile case is entitled to costs on appeal"]; rule 8.278(a)(2) ["The prevailing party is the respondent if

6

the Court of Appeal . . . dismisses the appeal"]). In this case, the remittitur provided for respondents to recover their costs on appeal as the prevailing party following dismissal of A129600. (Rule 8.278(b)(1) ["The Court of Appeal clerk must enter on the record, and insert in the remittitur, a judgment awarding costs to the prevailing party under [rule 8.278(a)(2)] . . . ."].) "If the appellate court's opinion specifies a costs award, the trial court may not deviate from that specification." (Eisenberg, Horvitz & Wiener, Cal. Practice Guide: Civil Appeals and Writs, *supra*, ¶ 14:70.1, p. 14-15 (rev. #1, 2010).)

B. *The Necessity of the Transcripts*

In contending the superior court erred in granting respondents their costs on appeal, appellant argues the transcripts at issue were unnecessary to the appeal because (1) they do not relate to whether the appeal was taken from a nonappealable order; and (2) respondents could have requested an extension to designate the record while they moved to dismiss the appeal. At the outset, we note that neither rule 8.278 nor rule 3.1700, which set forth the procedure for recovering costs on appeal, requires that the costs be "necessary" to the appeal. (*Alan S. v. Superior Court* (2009) 172 Cal.App.4th 238, 261 (*Alan S.*) [noting that unlike § 1033.5, subd. (c)(2), which governs the recovery of trial costs, rule 8.278(d) "makes no reference to necessity as a fact in what part of the appellate record is recoverable as a cost"].) Rule 8.278(d)(1)(B) provides that a party may recover, if *reasonable*, "[t]he amount the party paid for any portion of the record . . . ," including the reporter's transcript. (See Advisory Com. com. to rule 8.278(d).)

In concluding the transcript costs were reasonable, the superior court found "it could reasonably have been foreseen that the Court of Appeal might have rejected [respondents' argument that the order was not appealable] and therefore gotten to the merits of the appeal and therefore needed a record. It would have been, in my view, arguably unwise to proceed without a record under these circumstances." Substantial evidence supports the superior court's conclusion. (*Jewell v. Bank of America* (1990) 220 Cal.App.3d 934, 941.)

Appellant also has not provided authority and analysis demonstrating that respondents acted unreasonably in not seeking an extension of time in which to counter-

7

designate the record. Substantial evidence permits a finding that respondents acted reasonably in protecting their rights by filing a timely counter-designation of the record, notwithstanding their intention to move to dismiss the appeal.

C. *Designation of The Transcripts in a Prior Appeal*

Relying on rule 8.278(d)(1)(B), appellant maintains the transcripts are not recoverable as costs because they were designated as part of the pertinent record in a prior appeal (*Williams v. Safire* (Jan. 30, 2009, A122528) (hereafter A122528)).[5] Rule 8.278(d)(1)(B) states, in part, "The cost to copy parts of a prior record under rule 8.147(b)(2) is not recoverable unless the Court of Appeal ordered the copying." Rule 8.147(b)(2) is inapposite here, as it applies to "[a] party wanting any parts of a clerk's transcript or other record of the written documents from a prior appeal in the same case to be copied into the clerk's transcript in a later appeal . . . ."

To the extent appellant argues that respondents failed to meet their burden to show these transcripts were recoverable as costs in A129600, he is mistaken. A verified costs memorandum establishes a prima facie case for the recovery of costs; once that is submitted, the burden is on the party moving to strike or tax costs to establish that each disputed item is not recoverable. (See *Bach v. County of Butte* (1989) 215 Cal.App.3d 294, 308 ["[A] properly verified memorandum of costs is considered prima facie evidence that the costs listed in the memorandum were necessarily incurred. [Citation.] Documentation must be submitted only when a party dissatisfied with the costs claimed in the memorandum challenges them by filing a motion to tax costs."]; accord, *Alan S.*, *supra*, 172 Cal.App.4th at pp. 260-261.) Thus, respondents met their burden by submitting a verified cost memorandum; the burden then passed to appellant to show the

---

[5]  Appellant raised this argument for the first time below in his reply memorandum in support of his motion to tax costs. In his opening brief on appeal, appellant also notes that he "already paid for [the] preparation [of these transcripts] several years ago," when they were designated in connection with A122528. To the extent he argues respondents acted unreasonably in designating transcripts that were previously designated and paid for in connection with an earlier appeal, he did not make this point in the trial court and has forfeited the right to assert it.

transcripts had been designated in a prior appeal.  He failed to meet his burden, as he did not present any evidence to support such a showing, relying instead on vague statements in his reply brief.  (*Rappenecker v. Sea-Land Service, Inc.* (1979) 93 Cal.App.3d 256, 266 ["mere statements in the points and authorities accompanying [the] notice of motion to strike cost bill . . . are insufficient to rebut the prima facie showing"].)

Appellant has not shown that the superior court erred in denying his motion.[6]

## DISPOSITION

Respondents' motion to dismiss the appeal is denied.  The superior court's order is affirmed, with costs to respondents.

_____
SIMONS, J.

We concur.

_____
JONES, P.J.

_____
BRUINIERS, J.

_____

[6]  Appellant's May 1, 2012 request for judicial notice is denied as it relates to the reporter's transcripts at issue in the motion to tax costs; contrary to his assertion, these transcripts do not "offer irrefutable proof of a prior appellate record that matches 'Respondent's Notice Designating Record on Appeal,' " and the content of these transcripts is not relevant to our analysis in any event.  Appellant's request for judicial notice also is denied as it relates to two settlement letters from respondents.  Appellant does not provide authority showing judicial notice of such materials is proper, and we are not aware of any.

9