[Civ. No. 67122. Second Dist., Div. Five. May 5, 1983.]

INTERNATIONAL TYPOGRAPHICAL UNION NEGOTIATED PENSION
PLAN, Plaintiff and Appellant, v.
AD COMPOSITORS, INC., Defendant and Respondent.

COUNSEL

Buchalter, Nemer, Fields, Chrystie & Younger, Steven J. Kahn and Michael W. Kinney for Plaintiff and Appellant.

Kindel & Anderson, Craig B. Jorgensen and Steven P. Rice for Defendant and Respondent.

OPINION

**ASHBY, J.**—Plaintiff International Typographical Union Negotiated Pension Plan (the Plan) appeals from an order denying its application for a right to attach order and order for issuance for a writ of attachment. ▌ We find that the order is not appealable and accordingly dismiss the appeal.

In November of 1980, the Plan filed suit against defendant Ad Compositors to recover arrearages in pension plan contributions allegedly due the Plan as a third party beneficiary of a contract dated August 6, 1973, between Ad Compositors and Los Angeles International Typographical Union No. 174. According to the complaint, Ad Compositors' accrued liability as of August 31, 1980, amounted to approximately $53,680. In its answer, Ad Compositors asserted as one of its defenses the existence of an agreement between itself and the Plan to settle the Plan's claims for $25,000.

In March of 1982, the Plan filed an application seeking a writ to attach property of Ad Compositors in the sum of $55,269.39, the amount it asserted was the presently accrued liability under the contract. After a hearing, the trial court denied the application, finding the Plan had failed to demonstrate "that it will probably recover a judgment in a fixed or readily ascertainable amount." (See Code Civ. Proc., § 483.010.) The Plan appealed.

We cannot consider the Plan's various arguments seeking to reverse the trial court's decision. Generally, a judgment or order is appealable only if the right to appeal it is expressly granted by statute. (*Skaff* v. *Small Claims Court* (1968) 68 Cal.2d 76, 78 [65 Cal.Rptr. 65, 435 P.2d 825].) The right to appeal from orders relating to attachments is limited by statute to orders "discharging or refusing to discharge" attachments that have already been executed. (Code Civ. Proc., §§ 904.1, subd. (e), 904.2 subd. (f).)[1] The only case to consider the matter concluded that "[t]here is no statutory right of appeal from an order denying an application for a writ of attachment." (*San Diego Wholesale Credit Men's Assn.* v. *Superior Court* (1973) 35 Cal.App.3d 458, 462, fn. omitted [110 Cal.Rptr. 657].) Our research confirms this conclusion.

The Plan urges us to review the order despite the lack of specific statutory authority to do so. It cites the exception to the "one final judgment rule" which permits an appeal from an interlocutory judgment that "requires as a collateral matter, the immediate payment of money, or the performance forthwith of an act [citations]; or has the effect of a final determination of property rights [citations]." (*Degnan* v. *Morrow* (1969) 2 Cal.App.3d 358, 364-365 [82 Cal.Rptr. 557] [order providing for immediate sale and disposition of proceeds of real property owned by a partnership is appealable]; see also *Stockton* v. *Rattner* (1972) 22 Cal.App.3d 965, 968-970 [99 Cal.Rptr. 787] [order authorizing sale of real property and ordering the proceeds to be impounded is appealable].) This exception, however, is inapplicable in the instant case, where the denial of the writ *prevents* the "immediate payment of money" or the "performance forthwith of an act" or the determination of *any* property right, whether final or temporary. (See *Stockton* v. *Rattner, supra,* 22 Cal.App.3d at p. 969 [the denial, as distinguished from the grant, of a motion to sell property held under attachment affects no property rights and is not appealable].)

Finally, the Plan contends that the denial of the writ seriously impairs and therefore determines its property rights because Ad Compositors' business allegedly is in a precarious financial condition. The initial establishment of the nature and extent of the Plan's "rights" to Ad Compositors' property, however, is the heart of the lawsuit and prerequisite to *any* recovery; it follows that the impairment of these "rights" can in no way be described as a collateral matter. The denial of the writ simply is not appealable.

---

[1]The latest amendment to these sections, to become effective July 1, 1983, expands the right of appeal to the original order *granting* a writ of attachment, but significantly contains no reference to orders *denying* the writ. (Stats. 1982, ch. 1198, §§ 63.2, 64, pp. 4323, 4325. See also Recommendation Relating to Attachment, 16 Cal. Law Revision Com. Rep. (1982) pp. 701, 717.)

The appeal is dismissed.

Stephens, Acting P. J., and Hastings, J., concurred.