Filed 6/4/13  Pequignot v. Vincent CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JOHNNY PEQUIGNOT et al., <br><br> Plaintiffs, Cross-defendants and Respondents, <br><br> v. <br><br> MARTHA VINCENT et al., <br><br> Defendants and Appellants; <br><br> MARTHA VINCENT, <br><br> Cross-complainant. | 2d Civil No. B235047 <br> (Super. Ct. No. 56-2010-00386347-CU-BC-SIM) <br> (Ventura County) |
| MARTHA VINCENT, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> JOHNNY PEQUIGNOT et al., <br><br> Defendants and Respondents. | 2d Civil No. B235672 <br> (Super. Ct. No. 56-2009-00363965-CU-UD-SIM) |

Appellant Martha Vincent leased her house in Westlake Village, California (Premises), to respondents Dawn Christie and Johnny Pequignot for both residential and

commercial purposes. In the ensuing unlawful detainer action (case No. B235672), Vincent succeeded in evicting respondents from the Premises and obtained a money judgment for unpaid rent. Thereafter, respondents filed a civil action (case No. B235047) against appellants Vincent and her husband Billy Ridge alleging various claims pertaining to the lease and eviction. Vincent cross-complained in the civil action.[1] We have consolidated the two cases for purposes of appeal.

Appellants claimed that respondents owned the membership interests in Togetherness Production LLC (Togetherness), and appeal from post-judgment orders in the unlawful detainer action denying their motions to add Togetherness as an additional judgment debtor and to impose a charging order against respondents' membership interests in Togetherness. Appellants also appeal from trial court orders in the civil action granting respondents possession of their personal property left on the Premises after eviction (Personal Property) and denying appellants' application for attachment of the Personal Property.

Appellants contend that the trial court misinterpreted applicable statutes concerning the charging order, writ of possession, and writ of attachment and that there was no substantial evidence supporting any of the orders. We dismiss the portion of the appeal regarding the attachment order and otherwise affirm.

FACTS AND PROCEDURAL HISTORY

In December 2008, appellants leased the Premises to respondents for use as a residence and for operation of a resort and spa business. On December 15, 2009, appellants filed an unlawful detainer action to evict respondents for nonpayment of rent. On April 1, 2010, appellants obtained a judgment for possession of the Premises and a monetary judgment of $115,708.03 representing unpaid rent. Settlement discussions delayed actual eviction until July 27, 2010.

---

[1] Although Vincent was the sole plaintiff in the unlawful detainer and sole cross-complainant in the civil action, this opinion will refer to Vincent and Ridge collectively as the "appellants" for purposes of convenience.

When evicted, respondents left the Personal Property on the Premises. The Personal Property consisted of personal and business items with a value estimated by respondents to be well over a million dollars, far in excess of the monetary judgment against them. Shortly after eviction, respondents demanded return of the Personal Property and engaged in negotiations with appellants in that regard, including negotiations regarding payment of storage fees for the period the Personal Property remained on the Premises. The Personal Property was not returned to respondents at this time.

On December 3, 2010, respondents filed a civil action against appellants. The complaint alleged numerous causes of action regarding the lease and eviction, including claims for wrongful eviction, violation of Civil Code section 1965 regarding disposition of the Personal Property, and claims for breach of contract, bad faith, and fraud. On December 7, 2010, respondents sought ex-parte relief regarding disposition of the Personal Property. On December 8, 2010, the trial court issued a temporary restraining order restraining appellants from selling or transferring any of the Personal Property, but did not order the return of the Personal Property to respondents. Respondents' application for a writ of possession of the Personal Property was set for a future hearing and, after continuances, was heard in June 2011.

On April 20, 2011, appellants filed a cross-complaint in the civil action. The cross-complaint alleged breach of contract by respondents and Togetherness which was alleged to be an entity controlled by respondents. The cross-complaint sought money damages against respondents and Togetherness. That case was in its pretrial phase at the time of the instant appeal.

Also, on April 20, 2011, appellants filed an application in the civil action for a writ of attachment of the Personal Property and the interests of respondents in Togetherness. The application also sought a "charging order" applying respondents' membership interest in Togetherness toward the unlawful detainer money judgment against respondents. (See Code. Civ. Proc., § 708.310; Corp. Code, § 17302.) On May 12, 2011, appellants filed a separate motion for the charging order and for an order

3

adding Togetherness as an additional judgment debtor in the unlawful detainer. In response to appellants' application and motion, respondents filed an application for a writ of possession of the Personal Property.

On June 6, 2011, the trial court granted respondents' application for writ of possession, and denied appellants' application for a writ of attachment and motion for a charging order and addition of Togetherness as a judgment debtor. The denial of the charging order/addition of Togetherness as a judgment debtor was without prejudice to a refiling of that motion in the unlawful detainer action. On June 7, 2011, appellants filed such a motion in the unlawful detainer action. At a June 24, 2011, hearing, the trial judge in the unlawful detainer court denied appellants' motion.

Appellants filed timely notices of appeal in both the unlawful detainer and civil actions appealing (1) the orders in the civil action granting respondents' application for a writ of possession and denying appellants' application for a writ of attachment, and (2) the orders in the unlawful detainer action denying appellants' motion for a charging order and addition of Togetherness as a judgment debtor.

DISCUSSION

*No Error in Denial of Motion to Add Judgment Debtor*

Appellants contend the trial court in the unlawful detainer action erred in denying their motion to amend the judgment to add Togetherness as an additional judgment debtor. We disagree.

A trial court may order a nonparty to be added as a judgment debtor when the nonparty is the alter ego of an existing judgment debtor. (*Leek v. Cooper* (2011) 194 Cal.App.4th 399, 419.) Alter ego liability has three elements. First, it requires a unity of interest and ownership between the corporation and individuals. Second, it may be invoked only to avoid fraud or injustice. Third, it requires that the individuals control the litigation at issue. (*Misik v. D'Arco* (2011) 197 Cal.App.4th 1065, 1072; *Triplett v. Farmers Ins. Exchange* (1994) 24 Cal.App.4th 1415, 1421.)

Factors considered in determining unity of ownership and interest and the avoidance of fraud or injustice include ownership of all the stock in the corporation by

4

the individuals, commingling funds and other assets by the corporation and individuals, concealing the individuals' ownership of the corporation, failure to maintain corporate records or comply with other corporate formalities, use of the same business location, inadequate capitalization of the corporation, and use of the corporation to conduct the individuals' business. (*Zoran Corp. v. Chen* (2010) 185 Cal.App.4th 799, 811–812.) Factors considered in determining control of the litigation include whether the individuals financed the litigation against the corporation and directed the litigation on behalf of the corporation. (*NEC Electronics Inc. v. Hurt* (1989) 208 Cal.App.3d 772, 781.)

Determining whether to impose alter ego liability is a factual question within the province of the trial court. (*Zoran Corp. v. Chen, supra,* 185 Cal.App.4th at pp. 812-813.) The trial court's ruling will not be disturbed if it is supported by substantial evidence. (*Misik v. D'Arco, supra*, 197 Cal.App.4th at pp. 1071-1073.)

We reject appellants claim that the trial court erred because respondents offered no evidence in opposition to the motion. It was appellants' motion and appellants were required to establish a factual basis for the requested relief. We presume a superior court's order to be correct and indulge all intendments and presumptions to support it regarding matters as to which the record is silent. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

Here, appellants only offered evidence that Togetherness is a corporation owned by respondents and that respondents claimed minimal personal assets in bankruptcy court. As the trial court found, such evidence fails to justify imposition of alter ego liability. It does not show a unity of interest, commingling of funds, disregard of corporate formalities, concealment of the ownership of the corporation, inadequate capitalization of the corporation, or the use of the corporation as a conduit for an individual's business. Also, respondents did not control the unlawful detainer on behalf of Togetherness because Togetherness was not a party to that action. And, it is undisputed that Togetherness was represented by separate counsel in the civil action.

5

In substance, appellants argue that the corporate veil of Togetherness should be pierced because respondents have not fully satisfied their money judgment through other means. Alter ego liability is an extreme remedy that cannot be used simply because a creditor has an unsatisfied judgment against individuals. (*Sonora Diamond Corp. v. Superior Court* (2000) 83 Cal.App.4th 523, 539; *Associated Vendors, Inc. v. Oakland Meat Co.* (1962) 210 Cal.App.2d 825, 842.)

*No Error in Denial of Charging Order*

Appellants contend that the trial court erred in denying their motion for a charging order by misinterpreting Corporations Code section 17302 and ignoring the evidence. We disagree and conclude that the findings of the trial court are supported by substantial evidence. (*Phillips, Spallas & Angstadt, LLP v. Fotouhi* (2011) 197 Cal.App.4th 1132, 1138-1139 [substantial evidence standard applies to ruling on charging order].) Also, the record does not show that the trial court misinterpreted any statute.

If a money judgment is rendered against a member of a limited liability company but not the company, "the judgment debtor's interest in the [company] may be applied toward the satisfaction of the judgment by an order charging the judgment debtor's interest pursuant to Section . . . 17302 of the Corporations Code." (Code Civ. Proc., § 708.310.) Section 17302, subdivision (a) of the Corporations Code provides that a court "may charge the assignable membership interest of the judgment debtor [in a limited liability company] to satisfy the judgment. The court may appoint a receiver of the share of the distributions due or to become due to the judgment debtor in respect to the limited liability company and may make all other orders, directions, accounts, and inquiries . . . that the circumstances of the case may require."

It is not disputed that a charging order is a remedy authorized by statute. But, the trial court properly denied the charging order on equitable principles. The trial court found that appellants had impeded the ability of respondents to pay the judgment in the unlawful detainer case by wrongfully retaining the Personal Property. The court also concluded that (1) it is an inappropriate remedy in light of litigation as a whole and would

6

simply create more issues to litigate, (2) a charging order would apply only to corporate distributions, not its assets, and have limited value, and (3) appellants failed to properly utilize discovery procedures and other established enforcement of judgment remedies.

In addition, a charging order is based on similar factors as alter ego liability generally used when a corporate entity is a continuation of an individual's prior business, was formed for the purpose of avoiding the individual's liability, and inadequate consideration is given for the prior entity's assets to meet the claims of unsecured creditors. (*Phillips, Spallas & Angstadt, LLP v. Fotouhi, supra,* 197 Cal.App.4th at pp. 1134-1135, 1139-1140; see also *Daniell v. Riverside Partners I, L.P.* (2012) 206 Cal.App.4th 1292, 1301.) As previously discussed, the evidence offered by appellants is insufficient to satisfy the requirements for invoking alter ego liability and, similarly, insufficient to have required the trial court to issue a charging order.

*No Error in Granting Writ of Possession to Respondents*

Appellants contend that the trial court erred in granting respondents' writ of possession to regain possession of the Personal Property left behind when respondents were evicted from the Premises. We disagree and conclude that substantial evidence supports the trial court's ruling.

When a tenancy terminates, the tenant often leaves personal property behind after vacating the premises. Several statutes govern the rights and obligations of the landlord and tenant with respect to that property. (See Civ. Code, §§ 1965, 1980, 2080; Code Civ. Proc., § 1174; see generally Friedman et al., Cal. Practice Guide: Landlord–Tenant (The Rutter Group 2012) § 9:570 et seq., p. 9-145 et seq.)

In this case, respondents sought the return of the Personal Property under the procedures set forth in Civil Code section 1965. There is no evidence in the record that appellants or respondents proceeded under any of the other statutory procedures regarding return of personal property to a vacating or evicted tenant. [2]

---

[2] The record on appeal indicates that the Personal Property included personal items and property used in respondents' resort spa business. Because Civil Code section 1965 covers only "residential landlords and tenants," it is arguable that Civil Code section 1965 does not cover disposition of at least a portion of the Personal Property. If so,

7

Civil Code section 1965, subdivision (a)(1) provides that "[a] residential landlord shall not refuse to surrender, to a residential tenant . . . any personal property not owned by the landlord which has been left on the premises after the tenant has vacated the residential premises and the return of which has been requested by the tenant . . . within 18 days of vacating the premises." If such notice is given, the landlord must surrender the property if the tenant pays "all reasonable costs associated with the landlord's removal and storage of the personal property." (*Id*. at subd. (a)(3).) The landlord must deliver a written demand for such costs within five days of the tenant's request for return and the demand for costs must "itemize all charges, specifying the nature and amount of each item of cost." (*Ibid*.) If the tenant fails to comply with its obligations under Civil Code section 1965, the property will be deemed abandoned. (Civ. Code, § 1980 et seq.)

Here, it is undisputed that respondents gave timely notice under Civil Code section1965 demanding the return of the Personal Property but compliance with subsequent obligations under the statute were disputed in the trial court and appellants did not return the Personal Property to respondents. When appellants failed to do so, respondents filed an application for a writ of possession.

A writ of possession may be obtained prior to a judgment where the applicant establishes a right to immediate possession of property held by another. (Code Civ. Proc., § 512.010.) The applicant must establish the probable validity of his or her claim to possession, and post an undertaking. (*Id*. at §§ 512.010, 512.020, 512.060.) In this case, respondents sought possession of the Personal Property based on their underlying claim of ownership and appellants' failure to return the Personal Property as required by Civil Code section 1965.

The trial court granted the application and issued a writ of possession based on findings that respondents, but not appellants, had complied with the requirements of

comparable provisions in Code of Civil Procedure section 1174 regarding commercial property would apply. The issue of personal versus commercial property is not raised by either party on appeal.

Civil Code section 1965. The trial court rejected appellants' argument that they followed the requirements of the statute by offering to return the property upon payment of storage costs and that the Personal Property was deemed abandoned when respondents failed to pay the storage costs.

In its June 6, 2011, order the trial court found that respondents had made a timely demand for return of the Personal Property but that appellants had failed to establish a timely demand on respondents for reasonable costs for the removal and storage thereof. The court indicated that a demand for storage fees was referenced in two ex-parte applications to the court which set forth two different storage fee amounts and claimed "other vague expenses" had been incurred in connection with the storage of the Personal Property. Such evidence fails to show that appellants made a timely demand for reasonable costs in a specified and itemized amount as required by Civil Code section 1965. The trial court also found that appellants had failed to establish the value of the Personal Property. In addition, the court concluded that appellants' retention of the Personal Property was "wrongful" and that they had resorted to impermissible "self-help" in connection with their possession and disposition of the Personal Property. These findings are all supported by substantial evidence.

*Denial of Attachment Order is not Appealable*

Appellants contend the trial court erred in denying their application for issuance of a writ of attachment in the civil action. Respondents filed a motion to dismiss the appeal on this issue because denial of a writ of attachment is not appealable. We agree and will dismiss the appeal of the attachment order.

Generally, a judgment or order is appealable only if the right to appeal it is expressly granted by statute. (*Skaff v. Small Claims Court* (1968) 68 Cal.2d 76, 78.) The right to appeal from orders relating to attachments is limited to orders "discharging or refusing to discharge" attachments that have already been issued. (Code Civ. Proc., §§ 904.1, subd. (a)(5), 904.2, subd. (f).) "'[T]here is no statutory right of appeal from an order denying an application for a writ of attachment.'" (*International Typographical Union Etc. Pension Plan v. Ad Compositors, Inc.* (1983) 142 Cal.App.3d 733, 735.)

9

Appellants argue that the order is appealable as a post-judgment order. (Code Civ. Proc., § 904.1, subd. (a)(2).) But, the attachment was requested in the pending civil action which was still in its pretrial phase, and an attachment is by its nature a prejudgment remedy. (Code Civ. Proc., § 483.010, subd. (a); *Randone v. Appellate Department* (1971) 5 Cal.3d 536, 543–545.)

We also disagree with appellants that the attachment ruling is appealable because it was made in connection with the dissolution of a restraining order issued on December 8, 2010. Although the dissolution of an injunction is an appealable order (Code Civ. Proc., § 904.1, subd. (a)(6)), the denial of an attachment order is not the dissolution of an injunction.

The appeal of the order denying a writ of attachment is dismissed. The challenged orders of the trial court are otherwise affirmed. Costs to respondents.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

10

Rebecca Riley, Judge

Rocky Baio, Judge

Superior Court County of Ventura

_____


Barry E. Cohen, A Professional Corporation, and Barry E. Cohen for Appellants Vincent and Ridge and Cross-complainant Vincent.

Law Office of Patrick Thomas Santos and Patrick T. Santos for Respondents and Cross-defendants Pequignot and Christie.