Filed 5/2/14  Embroidery Industries v. ROC Fashion CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| EMBROIDERY INDUSTRIES, INC., | |
| Plaintiff and Appellant, | E057767 |
| v. | (Super.Ct.No. CIVRS1206905) |
| ROC FASHION, LLC et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Gilbert G. Ochoa, Judge.  Dismissed.

Century City Law Group and Robin Mashal for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

Embroidery Industries, Inc. (Embroidery) applied for a right to attach order and petitioned for a writ of attachment against RVC Enterprises LLC, Roc Fashions LLC (Roc), and Aussie Fashions LLC (collectively "defendants") in San Bernardino County Superior Court.  The trial court denied the application and petition and stayed Embroidery's lawsuit because Embroidery had a lawsuit pending in New York

1

involving the same parties and the same issues. The trial court concluded the New York case was filed first, and therefore the New York court had exclusive concurrent jurisdiction over the defendants and their assets. Embroidery asserts the trial court erred in denying its application and petition because the New York court lacked jurisdiction over defendants' property in California and therefore could not issue a writ of attachment to protect Embroidery's interests.[1] We dismiss the appeal.

**FACTUAL AND PROCEDURAL HISTORY**

Embroidery does embroidering and screen-printing work. Defendants placed orders with Embroidery for designs on T-shirts and blouses. Embroidery asserts it accepted the orders, performed the work, and delivered the items to a logistics company in Chino. Defendants allegedly did not pay Embroidery for the items delivered. Defendants are all New York limited liability companies. Embroidery is a California corporation located in Los Angeles.

Embroidery sued defendants in the Supreme Court of the State of New York. The New York lawsuit concerned allegations that Embroidery delivered goods to defendants but was not paid for the items delivered. Embroidery sought $656,409.79 from defendants. The New York complaint was filed August 14, 2012.

While the New York case was pending, on September 6, 2012, Embroidery filed a lawsuit in San Bernardino County Superior Court seeking to recover $660,549.79

---

[1] Embroidery requests this court take judicial notice of eight published non-California cases. We grant the request as required by Evidence Code section 453. (Evid. Code, §§ 452, subd. (a), 453.)

from defendants for goods that were delivered but never paid for. In the California complaint, Embroidery asserted it brought the suit for the limited purpose of obtaining provisional relief against defendants, because defendants had goods and assets located within San Bernardino County. Embroidery asserted it would "agree to a stay of this action other than in connection with such provisional relief."

In the points and authorities in support of its attachment application and writ petition, Embroidery asserted the goods delivered to the logistics company in Chino "were kept in transit," and therefore were still in Chino. Embroidery sought an order or writ authorizing the sheriff to enter the logistics company and seize the items delivered there by Embroidery. Embroidery asserted there was an urgent need for the order or writ because Embroidery is "a small family-owned business" and defendants' outstanding balance was "devastating [Embroidery's] business." Embroidery explained the cash flow problems caused (1) payroll delays, which resulted in the United States Department of Labor restraining Embroidery's shipments, and (2) Embroidery being unable to pay its "trade creditors."

Embroidery asserted the lawsuit in New York did not preclude the San Bernardino County Superior Court from issuing an attachment order or writ because a New York court cannot issue an attachment order for property located in California. Embroidery further asserted California courts have the authority to issue provisional remedies while a lawsuit is "being resolved in a different forum."

Roc made a special appearance for purposes of contesting jurisdiction and opposing (1) the application for an order to attach, and (2) the petition for writ of

3

attachment. Roc asserted "the goods manufactured by [Embroidery] had significant problems requiring their return, including foul odors, poor workmanship, and sizing problems." Roc asserts the goods did not meet Roc's specifications and resulted in some orders being canceled by Roc's customers and "tens of thousands of dollars" being spent to repair the goods.

Roc asserted the claims were required to be litigated in New York, where the initial lawsuit was filed, so it would be improper for a California court to exercise jurisdiction in the matter. Roc contended Embroidery was incorrectly relying on arbitration cases for the rule that a California court can issue a prejudgment attachment order while a case is pending in a different forum. Roc also contended Embroidery could not show a probability of prevailing on its claims because Embroidery delivered non-conforming goods that caused Roc to lose business and damaged its relationships with retail buyers.

The trial court denied Embroidery's application and petition and stayed the matter pending adjudication of the issues in New York.[2] The trial court reasoned the New York case was filed first, and therefore New York had exclusive in personam and in rem jurisdiction over defendants and their assets.

## DISCUSSION

In Embroidery's opening brief, Embroidery concedes its allegations of error should have been raised via a petition for writ of mandate, rather than an appeal.

---

[2] The trial court's order refers to the application and writ petition as two writ petitions.

Embroidery is correct that the denial of a request for attachment is not an appealable order. (Code Civ. Proc., § 904.1[3]; *International Typographical Union etc. Pension Plan v. Ad Compositors, Inc.* (1983) 142 Cal.App.3d 733, 735 (*International*).) Since (1) all of Embroidery's contentions relate to the denial of its attachment requests, and (2) the case is still pending, but stayed, in the trial court, we dismiss Embroidery's appeal. (See *International*, at pp. 735-736 [dismissing an appeal from the denial of a writ attachment].)

Embroidery asserts the lack of an appealable order or judgment can be overcome because (1) this court can correct the legislative oversight of not including denials of attachment requests among the statutory list of appealable orders, and (2) Embroidery was seeking only prejudgment attachment in California, not a final judgment, therefore the denial of the attachment request was akin to a final judgment. Alternatively, Embroidery requests this court deem the appeal to be a writ of attachment because it presents important public issues. We address each of the three issues in turn.

First, this court cannot add an order to the list of appealable orders and judgments set forth in section 904.1. In *San Diego Wholesale Credit Men's Association v. Superior Court* (1973) 35 Cal.App.3d 458, the appellate court wrote, "There is no statutory right of appeal from an order denying an application for a writ of attachment." (*Id.* at p. 462.) A footnote attached to that sentence read, "That may be the result of a legislative oversight which may be corrected." (*Id.* at fn. 2.) The foregoing opinion

---

[3] All subsequent statutory references will be to the Code of Civil Procedure unless otherwise indicated.

5

was issued in 1973. In the 40 years since that opinion, the Legislature has not added denials of attachment requests to the list of appealable orders. (§ 904.1.) This court cannot add words to the statute that the Legislature has chosen to omit. (*Blankenship v. Allstate Ins. Co.* (2010) 186 Cal.App.4th 87, 94.) Accordingly, we find Embroidery's first argument for appealability to be unpersuasive because the Legislature has clearly chosen not to add such orders to section 904.1, and we cannot amend the statute. (See *Arthur Andersen LLP v. Superior Court* (1998) 67 Cal.App.4th 1481, 1500 [Legislature is presumed to know the common law].)

Second, Embroidery asserts an appeal is the proper means of reviewing the denial of the attachment requests because Embroidery was not seeking a final adjudication of its claims in California—Embroidery was only in California to seek pre-judgment attachment—therefore, the denial of Embroidery's request is akin to a final judgment. Embroidery's argument is problematic because it contradicts established law in at least two ways. First, it contradicts the law that such orders are not appealable as discussed *ante*. Second, it contradicts the law requiring a plaintiff seeking a writ of attachment to show a probability of prevailing.

The statutory requirement is that, in order to obtain a writ of attachment, a plaintiff must "establish[] the probable validity of the claim upon which the attachment is based." (§ 484.090, subd. (a)(2).) "A claim has 'probable validity' where it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim." (§ 481.190.)

6

In Embroidery's complaint, it asserts it has brought the complaint "solely to seek provisional relief" and that it would "agree to a stay of this action other than in connection with such provisional relief." Embroidery has not explained how it can show the probable validity of its claims when the complaint reflects an intent of not seeking a judgment in this case. The law specifically reflects probable validity is shown when it is likely "the plaintiff will obtain a judgment." Here, Embroidery asserts it would agree not to obtain a judgment.

We now describe the second contradiction created by Embroidery's second appealability argument: Embroidery asserts it should be able to bring an appeal because it is not seeking a final judgment, which makes the denial of the attachment requests akin to a final judgment in this case. However, seeking a final judgment is a basic part of attachment law. As set forth *ante*, the probability of prevailing concerns a plaintiff's likelihood of obtaining a judgment "on that claim"—not a claim in a separate case, in another state. (§ 481.190.) We cannot disregard a basic element of attachment law (seeking a final judgment) in order to deem the order appealable. Embroidery is ultimately asserting that we should contradict the probability of prevailing rule. Given the legal contradictions that would be created, we find Embroidery's argument to be unpersuasive.

Third, in the alternative, Embroidery asserts that if the order is not appealable, then this court should treat the appeal as a petition for writ of mandate because it concerns important public issues. Deeming an appeal to be a petition for writ of mandate is a power that should only be exercised "under unusual circumstances."

7

(*Olson v. Cory* (1983) 35 Cal.3d 390, 401.)  This case does not present unusual

circumstances.  Rather, it appears to be a case wherein counsel filed a lawsuit in New

York while the goods were located in California, and then filed an appeal rather than a

petition for writ of mandate.

In sum, we are not persuaded that the denial of Embroidery's attachment

application and petition is appealable.  Accordingly, we conclude the appeal must be

dismissed.  (See *International*, *supra*, 142 Cal.App.3d at pp. 735-736 [dismissing an

appeal from an order denying a writ of attachment].)

## DISPOSITION

The appeal is dismissed.  Parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

HOLLENHORST

Acting P. J.

CODRINGTON

J.

8